Cite as 2020 Ark. 68

# SUPREME COURT OF ARKANSAS
No. CR-19-17

| | |
|---|---|
| | **Opinion Delivered:** February 20, 2020 |
| RANDALL THOMAS MCARTY | |
| APPELLANT | |
| | PRO SE APPEAL FROM THE CLARK |
| V. | COUNTY CIRCUIT COURT |
| | [NO. 10CR-92-111] |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE GREGORY L. |
| | VARDAMAN, JUDGE |
| | |
| | AFFIRMED. |

**KAREN R. BAKER, Associate Justice**

In 2018, appellant Randall Thomas McArty filed two pro se petitions in the circuit court that challenged his 1993 conviction for first-degree murder. The first petition was one seeking scientific testing for habeas relief under Act 1780 of 2001 Acts of Arkansas, as amended by Act 2250 of 2005 and codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2016). The second petition that McArty filed sought relief from an alleged illegal sentence under Arkansas Code Annotated section 16-90-111 (Repl. 2016). The circuit court denied both petitions in separate orders entered the same day, and our clerk lodged an appeal of both orders when a single certified record containing the two orders was submitted. Because McArty was not entitled to relief under Act 1780 and

because he failed to allege facts that would support his claim of an illegal sentence, we affirm the denial of relief in both orders.

## I. *Background*

This court affirmed the judgment reflecting McArty's conviction and life sentence for the first-degree murder of Teresa Chamberlain. *McArty v. State*, 316 Ark. 35, 871 S.W.2d 346 (1994). A brief summary of the evidence at trial as noted in our opinion on direct appeal is relevant to our review. McArty and Chamberlain shared a home, and they were arguing when McArty shot Chamberlain. McArty called the sheriff from a neighbor's house, and when an officer asked him what had happened, he said that he had shot Chamberlain. Daniel Blasingame, who was staying at McArty's home, heard Chamberlain call out before the shot, and when he entered the kitchen, he saw her body on the floor and McArty with the gun. McArty's defense at trial concerned his intent, and he testified that he shot Chamberlain in self-defense when she attacked him with a knife. There was evidence of a knife found in Chamberlain's hand, but Blasingame testified that he did not see it, and under the State's theory of the case, McArty had placed the knife in Chamberlain's hand after the fact.

## II. *Standard of Review*

This court does not reverse a denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Polivka v. State*, 2010 Ark. 152, 362 S.W.3d 918; *see also McClinton v. State*, 2017 Ark. 360, 533 S.W.3d 578 (noting the standard for review of the denial of an Act 1780 petition); *Fischer v. State*, 2017 Ark. 338, 532 S.W.3d 40 (noting the standard for review of the denial of a petition under section 16-90-111). "A finding is clearly erroneous when, although there is evidence to support it, the appellate court after

reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed." *State v. Barrett*, 371 Ark. 91, 95, 263 S.W.3d 542, 545 (2007).

III.  *The Act 1780 Petition*

In his Act 1780 petition, McArty sought gunshot-residue testing and specific DNA tests for bullet casings, the knife handle, and other items that McArty contended would advance his claim that he did not touch the knife or move Chamberlain's body.  The circuit court denied the petition, finding that McArty's petition was untimely and that he had not presented a cognizable claim because the scientific testing he requested would be no more probative than was available at the time of trial.  McArty filed a motion for reconsideration arguing circumstances that he contended should excuse any delay in filing the petition and asserting that the time limitations were an unconstitutional suspension of the writ.

McArty alleges error by the circuit court in its denial of scientific testing under the Act.  He reasserts that he rebutted the presumption that his motion was untimely, and he again alleges that the time restrictions for seeking relief are an unconstitutional suspension of the writ.  In addition, he contends that the circuit court incorrectly denied his motion for an evidentiary hearing.

Act 1780 provides that a writ of habeas corpus may be issued on the basis of new scientific evidence proving a person actually innocent of the offense for which he was convicted.  Ark. Code Ann. § 16-112-201; *Marshall v. State*, 2017 Ark. 208, 521 S.W.3d 456.  Petitions under Act 1780 are limited to those claims related to scientific testing of

4

evidence, and the Act does not provide an opportunity for the petitioner to raise issues outside the purview of the Act or serve as a substitute for the pursuit of other remedies. *McClinton*, 2017 Ark. 360, 533 S.W.3d 578. Section 16-112-202 requires that in order to file a motion for testing that may qualify for relief under the Act, a petitioner who requests relief and who seeks scientific testing to provide the basis for that relief must meet specific criteria set out in the statute and demonstrate in his or her motion that these predicate requirements have been met. *Marshall*, 2017 Ark. 208, 521 S.W.3d 456. McArty's motion must have satisfied these requirements to present a cognizable claim.

The first prerequisite for establishing a prima facie claim under Act 1780 includes demonstrating the existence of evidence or scientific methods of testing that were not available at the time of trial or could not have been previously discovered through the exercise of due diligence. Ark. Code Ann. § 16-112-201(a)(1)(2); *McClinton*, 2017 Ark. 360, 533 S.W.3d 578. In furtherance of this diligence requirement, the Act includes a presumption against timeliness that must be rebutted when the petition is not filed within thirty-six months after the date of conviction. Ark. Code Ann. § 16-112-202(10)(B). More importantly for our analysis, the petitioner is also required to demonstrate that the identity of the perpetrator was at issue during the investigation and prosecution of the offense being challenged. Ark. Code Ann. § 16-112-202(7); *McClinton*, 2017 Ark. 360, 533 S.W.3d 578. Regardless of the circuit court's conclusion that McArty filed an untimely petition, as the State notes in its brief, the circuit court correctly determined that McArty's claims were not cognizable under the Act.

5

McArty's identity as the person who shot Chamberlain was never in question. Instead, the issues at trial and the claims that McArty alleged the scientific testing would support concern his intention in shooting her and whether it was done in self-defense. As noted, the Act does not provide relief when the identity of the perpetrator was not at issue during the investigation and prosecution of the offense being challenged. McArty contends that the identity of the person who grabbed the knife was in question, but that issue was not one concerning the identity of the person who committed the offense reflected in the judgment that McArty would challenge, and he cannot satisfy the predicate requirements of the Act. Ark. Code Ann. § 16-112-202(7).

McArty's petition presented no cognizable claim because the Act does not provide an opportunity for a petitioner such as McArty to raise issues outside the purview of the Act. *Porter v. State*, 2018 Ark. 22. It is therefore not necessary to examine McArty's arguments concerning the circuit court's ruling on timeliness. Because McArty's claims for testing under the Act were without merit, his argument that the circuit court erred in denying an evidentiary hearing on his petition also fails. Ark. Code Ann. § 16-112-205(a); *Martin v. State*, 2018 Ark. 176, 545 S.W.3d 763.

IV. *The Petition under Section 16-90-111*

In his petition under section 16-90-111, McArty alleged that his sentence was illegal because he was not tried by a twelve-member jury. McArty based this claim on allegations that a juror had failed to disclose a blood relationship to a witness—McArty's mother—and to McArty. McArty alleged that this juror is his mother's third cousin and a fourth cousin

to McArty. The circuit court found that McArty's sentence was within the statutory limits and therefore not illegal and that the petition presented no cognizable claim because it was not timely filed. McArty alleges error in the circuit court's finding that the petition was untimely and did not present a cognizable claim under the statute.

## A. Time Limitations and the Statute

Section 16-90-111 gives the circuit court authority to correct a facially illegal sentence, as opposed to one imposed in an illegal manner, at any time. Ark. Code Ann. § 16-90-111(a); *Swift v. State*, 2018 Ark. 74, 540 S.W.3d 288. Although McArty requested relief through the grant of a new trial, he also alleged in the petition that his sentence was illegal because of fundamental error sufficient to void the judgment. The timing of McArty's petition fell outside the time limitations to correct a sentence imposed in an illegal manner, so any valid claim had to allege facts sufficient to support his allegation of an illegal sentence.[1] When a petition under the statute has been filed beyond the expiration of the time limitation, as it was here, the circuit court has authority to grant relief under the statute only if the sentence imposed was illegal on its face. *Lukach v. State*, 2018 Ark. 208, 548 S.W.3d 810. A sentence is illegal on its face when it is void because it

---

[1] The time limitations for filing a petition under section 16-90-111(a) and (b)(1) alleging that the sentence was imposed in an illegal manner were superseded by Arkansas Rule of Criminal Procedure 37.2(c). *Swift*, 2018 Ark. 74, 540 S.W.3d 288. Under Rule 37.2 as applicable to McArty's petition, if the judgment was appealed, then the petition had to be filed within sixty days of the date that the mandate was issued by the appellate court. Ark. R. Crim. P. 37.2(c) (1995). The mandate in McArty's case issued in 1994, and the petition was filed in 2018, more than twenty years after the expiration of the period for filing.

is beyond the circuit court's authority to impose and gives rise to a question of subject-matter jurisdiction. *Id.*

## B. Facially Illegal Sentences

The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face. *Jackson v. State*, 2018 Ark. 209, 549 S.W.3d 346. The issue of a void or illegal sentence, however, is one of subject-matter jurisdiction, and this court has defined an illegal sentence as one that the circuit court lacked the authority to impose, even if on its face the sentence is within the statutory range. *Cantrell v. State*, 2009 Ark. 456, 343 S.W.3d 591. The circuit court found that the sentence imposed was within the maximum statutory range, and McArty did not allege that his sentence fell outside it.

## C. McArty's Claim of Fundamental Error

A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, and typically, as the State maintains in its brief, trial error does not implicate the jurisdiction of the circuit court or, as a consequence, implicate the facial validity of the judgment. *See, e.g., Conley v. Kelley*, 2019 Ark. 23, 566 S.W.3d 116. When a circuit court acts without jurisdiction, however, its orders and judgments are void. *Ward v. Hutchinson*, 2018 Ark. 270, 555 S.W.3d 866. McArty's claim of an illegal sentence must therefore demonstrate some fundamental error that would void the judgment.

Denial of a defendant's right to a twelve-person jury is fundamental error. *Lee v. State*, 2017 Ark. 337, 532 S.W.3d 43. However, a claim that a juror was actually biased—as distinguished from a claim of implied bias, which arises by implication of law and alleges

8

that the juror was not qualified to serve—does not rise to the level of fundamental error. *See id.* In Arkansas, our statute implies bias when a juror is related to either a party or to counsel for either party within the fourth degree of consanguinity or affinity. Ark. Code Ann. § 16-31-102(b)(1) (Repl. 1994).[2] The statute does not list a similar relationship between a witness and a prospective juror as a basis for implied bias, however.

McArty maintains that he did not consent to the juror's serving, and the statute provides that when a prospective juror is within the restricted degree of relationship to a party in the pending case, the prospective juror can nevertheless serve by consent of the parties. Ark. Code Ann. § 16-31-102(b). In this case, regardless of whether McArty consented to the juror's service, he did not plead facts that would demonstrate an implied bias when he alleged that the juror is his fourth cousin. By definition, fourth cousins are not related within the fourth degree of consanguinity, as they share one set of common great-great-great-grandparents, but not the same great-great-grandparents. The degree of consanguinity is calculated by counting down from the common ancestor. *Kelley v. Neely*, 12 Ark. 657 (1852). McArty did not therefore assert facts that would have established an implied bias under the statute,[3] and to the extent that McArty may have raised a claim of actual bias, the alleged error was not a fundamental one to void the judgment.

---

[2]Since McArty's trial, the statute was amended by 1994 Ark. Acts 4, First Extraordinary Session, and 2005 Ark. Acts 87, section 1, but the relevant portions remain unchanged.

[3]We need not consider whether, as the State asserts, McArty had to assert sufficient facts to satisfy Arkansas Code Annotated section 16-31-107 (Repl. 1999) and did not do so. Because McArty failed to allege facts that would have disqualified the juror under section

Affirmed.

HART, J., concurs in part and dissents in part.

**JOSEPHINE LINKER HART, Justice, concurring in part and dissenting in part.** I would remand for further proceedings on McArty's petition for scientific testing. Act 1780 was remedial legislation that must be liberally construed to accomplish its purpose. *See, e.g.*, *City of Fort Smith v. Wade*, 2019 Ark. 222, 578 S.W.3d 276 (remedial legislation must be liberally construed to accomplish its purpose). If McArty's proposed testing revealed that the knife was, in fact, in the victim's hand when McArty shot her, that would significantly advance his claim of actual innocence, i.e., that he shot the victim in self-defense.

Concurring part; dissenting in part.

*Randall T. McCarty*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.

---

16-31-102, we need not determine whether the juror also knowingly answered any voir dire questions falsely—or was deemed to have done so—under the facts as McArty alleged them.

10