Cite as 2021 Ark. 129

# SUPREME COURT OF ARKANSAS

**No.** CR–21–38

|  |  |
|---|---|
| BISMILLAH RAHIM MUHAMMAD<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** June 10, 2021<br><br>PRO SE APPEAL FROM THE CLARK COUNTY CIRCUIT COURT<br>[NO. 10CR-14-29]<br><br>HONORABLE TOM COOPER, JUDGE<br><br>AFFIRMED IN PART; REVERSED AND REMANDED IN PART. |

**KAREN R. BAKER, Associate Justice**

Appellant Bismillah Rahim Muhammad appeals from the circuit court's denial of his pro se petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). Muhammad alleged in the petition that his sentence is illegal on its face because it is a departure from the presumptive sentence set forth in the sentencing guidelines and that his sentences violated the United States Supreme Court's holdings in *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The circuit court denied his petition, finding that Muhammad's claims for relief were untimely and improper, but it made no further findings with regard to Muhammad's arguments that included a reliance on the holdings in *Blakely* and *Apprendi* as a basis for his illegal-sentence claim. We affirm the circuit court's finding that Muhammad's claim constituted an untimely petition challenging the manner in which his sentences were imposed. We reverse and remand with regard to the suspended imposition of sentences for

two counts of first-degree endangerment of a minor as the suspensions were imposed consecutively, one exceeded the statutory maximum for a Class D felony, and they were both statutorily unauthorized and facially illegal.

## I. *Background*

In September 2014, Muhammad pleaded guilty to, and was convicted of, five felony counts. Muhammad was sentenced as a habitual offender pursuant to Arkansas Code Annotated section 5-4-501(b) (Repl. 2006). Section 5-4-501(b) is applicable when a defendant has committed four or more previous felonies.

In count one, Muhammad was convicted of delivery of methamphetamine, a Class B felony, and was sentenced to 180 months'—or fifteen years'—imprisonment followed by 180 months'—or fifteen years'—suspended imposition of sentence; in count two, the conviction was for the unauthorized use of property to facilitate a crime, a Class B felony, and Muhammad was sentenced to 120 months'—or ten years'—imprisonment; in count three, the conviction was for possession of paraphernalia, a Class D felony, and Muhammad was sentenced to 120 months'—or ten years'—imprisonment; in count four, the conviction was for first-degree endangering the welfare of a minor, a Class D felony, and Muhammad was sentenced to 180 months'—or fifteen years'—suspended imposition of sentence; in count five, the conviction was for a second offense of first-degree endangering the welfare of a minor, and Muhammad was sentenced to 240 months'—or twenty years'—suspended imposition of sentence. All sentences, including the suspended sentences, were imposed consecutively. Muhammad was sentenced to an aggregate term of 420 months'—or thirty-five years'—imprisonment. The aggravating factors listed were as follows: Muhammad was

2

on parole when the crimes were committed, and Muhammad committed persistent criminal misconduct while under supervision. No mitigating factors were listed.

## II. *Standard of Review*

The circuit court's decision to deny relief pursuant to section 16-90-111 will not be overturned unless that decision is clearly erroneous. *Millsap v. State*, 2020 Ark. 38. Under section 16-90-111, a finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

## III. *Arkansas Code Annotated Section 16-90-111*

Section 16-90-111(a) provides authority to a circuit court to correct an illegal sentence at any time. *Redus v. State*, 2019 Ark. 44, 566 S.W.3d 469. An illegal sentence is one that is illegal on its face. *Id.* A sentence is illegal on its face when it is void because it is beyond the circuit court's authority to impose and gives rise to a question of subject-matter jurisdiction. *Id.* Sentencing is entirely a matter of statute in Arkansas. *Id.* The petitioner seeking relief under section 16-90-111(a) carries the burden to demonstrate that his or her sentence was illegal. *Id.* The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face. *McArty v. State*, 2020 Ark. 68, 594 S.W.3d 54. A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, and typically, trial error does not implicate the jurisdiction of the circuit court or, as a consequence, implicate the facial validity of the judgment. *Id.*

3

IV. *Claims for Relief*

Muhammad alleged in the petition filed below that his sentences are illegal because they represented both upward and downward departures from presumptive sentences in accordance with the sentencing guidelines set forth in Arkansas Code Annotated section 11–90-804 (Repl. 2006). Muhammad argued that his sentence is illegal because the circuit court did not allow him to challenge the upward departures; he was not advised of his right to be sentenced by a jury; the sentencing order did not include sufficient reasons for the departures; and he did not waive his right to be sentenced by a jury.[1] Muhammad primarily argued that the sentencing procedure related to his guilty plea violated both *Blakely* and *Apprendi*, two United States Supreme Court holdings, which, Muhammad argues, renders his sentences illegal.[2] On appeal, Muhammad argues for the first time that section 16-90–804 is unconstitutional because, in accordance with the statute, the imposition of a presumptive sentence is discretionary rather than mandatory. This court has consistently held that arguments raised for the first time on appeal will not be considered, and even constitutional arguments must be raised in the circuit court and ruled upon in order to preserve the issues for appellate review. *Armstrong v. State*, 2020 Ark. 309, 607 S.W.3d 491.

---

[1]The transcript of the plea hearing included in the record demonstrates that Muhammad waived his right to a jury.

[2]In *Blakely*, the United States Supreme Court set forth the rule expressed in *Apprendi* as follows: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 542 U.S. at 301. Muhammad's reliance on these two Supreme Court cases is misplaced in that Muhammad does not contend that his sentences exceeded the statutory maximum, and Muhammad's sentences were increased due to his prior felony convictions in accordance with section 5-4-501(b).

Muhammad is entitled to no relief under section 16-90-111 unless he established that the judgment in his case was illegal on its face. *Redus*, 2019 Ark. 44, 566 S.W.3d 469. A claim that a sentence exceeded the presumptive sentence is a claim that goes behind the face of the judgment and does not implicate the facial validity of the judgment. *Id.* As such, it is a claim that the sentence was imposed in an illegal manner and is therefore governed by the time limitations set out in Arkansas Rule of Criminal Procedure 37.2(c) (2020). *Id.* Moreover, section 16-90-804 does not apply when a defendant receives the sentence that was agreed to prior to entering the guilty plea. *Waller v. Kelley*, 2016 Ark. 252, 493 S.W.3d 757.

Muhammad pleaded guilty to, and was convicted of, two Class B felonies—delivery of methamphetamine and the unauthorized use of property to facilitate a crime. *See* Ark. Code Ann. § 5-64-422 (Supp. 2011); Ark. Code Ann. § 5-74-105(a)(2) (Repl. 1997). For a habitual offender, the maximum statutory sentence for a Class B felony is no more than forty years' imprisonment. *See* Ark. Code Ann. § 5-4-501(b)(2)(C). Muhammad was sentenced to thirty years and ten years, which fell within the maximum penalty for these two Class B felonies. In addition, Muhammad pleaded guilty to three Class D felonies, including one count of possession of paraphernalia for methamphetamine use and two counts of endangering the welfare of a minor. *See* Ark. Code Ann. § 5-64-443(a)(2) (Supp. 2011); Ark. Code Ann. § 5-27-205(a) (Repl. 2006). For a habitual offender, the maximum penalty for a Class D felony is no more than fifteen years. *See* Ark. Code Ann. § 5-4-501(2)(E). For possession of paraphernalia, Muhammad was sentenced to ten years' imprisonment, which is within the maximum penalty for that offense. However, the

suspended sentences for the two counts of endangering the welfare of a minor are illegal in that the sentences were imposed consecutively as to Muhammad's separate offenses, and one suspended sentence exceeded the maximum penalty for the offense.

While Muhammad failed to challenge the suspended sentences for endangering the welfare of a minor as facially illegal, this court views an issue of a void or an illegal sentence as one of subject-matter jurisdiction in that it cannot be waived by the parties and may be addressed for the first time on appeal. *Walden v. State*, 2014 Ark. 193, 433 S.W.3d 864. Furthermore, this court may address an illegal sentence sua sponte because we treat problems of a void or an illegal sentence as problems of subject-matter jurisdiction and review them even if they are not raised on appeal. *Scherrer v. State*, 2019 Ark. 264, 584 S.W.3d 243 (citing *Harness v. State*, 352 Ark. 335, 101 S.W.3d 235 (2003)).

The court may sentence the defendant to a term of imprisonment and suspend imposition of sentence as to an additional term of imprisonment. *See* Ark. Code Ann. § 5-4-104(e)(3) (Supp. 2009). If a court suspends imposition of sentence, the period of suspension cannot exceed the maximum prison sentence for the offense. Ark. Code Ann. § 5-4-306(a)(1) (Repl. 2006). While a circuit court can impose a suspended sentence for up to the maximum term of imprisonment allowed, when the suspended sentence is combined with a period of imprisonment, the total period of imprisonment is subject to the limitations imposed by the relevant statutory maximums set forth in sections 5-4-401 and 5-4-501. *See Walden*, 2014 Ark. 193, 433 S.W.3d 864. The general rule is that if the original sentence is illegal, even though partially executed, the sentencing court may correct it. *Id*. A circuit court is not authorized to run two suspended sentences consecutively to a term of

imprisonment that was imposed for a different charge. *Id*. (citing Ark. Code Ann. § 5-4-307(b)(2)).

Here, the circuit court legally sentenced Muhammad for delivery of methamphetamine to a total of thirty years, with fifteen years' imprisonment followed by an additional fifteen years' suspended imposition of sentence. The additional fifteen years' suspension commences to run on the day a defendant is lawfully set at liberty from the imprisonment. Ark. Code Ann. § 5-4-307(c). As stated above, this sentence did not exceed the maximum, and the consecutive term of the suspension was legal.

However, the circuit court illegally sentenced Muhammad to two suspended sentences for endangering the welfare of a minor to run consecutively to terms of imprisonment imposed for the separate offenses of possession of paraphernalia and the unauthorized use of property to facilitate a crime. In accordance with section 5-4-307(b)(2), the suspended sentences should have been imposed to run concurrently with the terms of imprisonment for the above-cited separate offenses. *Walden*, 2014 Ark. 193, 433 S.W.3d 864. Moreover, the suspended sentence of 240 months—or twenty years—for the second count of endangering the welfare of a minor exceeds the statutory maximum of fifteen years for a Class D felony with a habitual-offender enhancement. Ark. Code Ann. § 5-4-501(b)(2)(E). Muhammad's sentences for two counts of endangering the welfare of a minor are illegal to the extent that the circuit court ordered multiple periods of suspension to run consecutively rather than concurrently as required by section 5-4-307(b)(1). *Id*. Finally, the twenty-year suspended sentence exceeds the maximum penalty for a Class D felony with a habitual-offender enhancement and is also illegal.

7

The circuit court's decision is affirmed as to the legality of Muhammad's sentences for delivery of methamphetamine, the unauthorized use of property, and possession of paraphernalia as these sentences are not facially illegal, and the circuit court correctly concluded that Muhammad had challenged the manner in which these sentences were imposed. We reverse as to the suspension of sentences for two counts of endangering the welfare of a minor because these sentences are facially illegal and remand to the circuit court for new sentencing consistent with this opinion.

Affirmed in part; reversed and remanded in part.

*Bismillah Muhammad*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.