Cite as 2021 Ark. App. 471

# ARKANSAS COURT OF APPEALS
DIVISION II
**No.** CR-21-193

| | |
|---|---|
| ANDREW BURTON<br><br>                    APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>                    APPELLEE | **Opinion Delivered** December 1, 2021<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT<br>[NO. 23CR-19-542]<br><br>HONORABLE TROY B. BRASWELL, JR., JUDGE<br><br>REVERSED AND DISMISSED |

## RITA W. GRUBER, Judge

Appellant Andrew Burton appeals from the Faulkner County Circuit Court's revocation of his probation, arguing that the circuit court had no jurisdiction to revoke. The revocation in this case is the third revocation of his probation, and he contends that his probationary period had expired when the petition for revocation was filed and the warrant for his arrest was issued. We reverse and dismiss.

We set forth the relevant procedural history because it is important to our disposition in this case. On May 24, 2017, Burton pleaded guilty to possessing an instrument of crime under Ark. Code Ann. § 5-73-102 (Repl. 2016), a Class A misdemeanor, for which he was sentenced to twelve months' probation and fined $750. The State filed a petition to revoke on January 8, 2018, and on February 16, the circuit court entered a judgment and disposition order finding that Burton had violated the terms and conditions of his probation and sentencing him to 120 days in the Faulkner County Detention Center with credit for 25

days spent in custody awaiting disposition and the remaining 95 days suspended. The court also sentenced him to "a period equal to the time which is still remaining from his previous probationary sentence plus an additional" twelve months' probation. Because his initial period of probation would have ended on May 24, 2018, the revocation sentence amounted to fifteen months' probation ending on May 24, 2019.

Burton's probation was revoked again on August 10, 2018, and the court sentenced him to serve 180 days in the Faulkner County Detention Center with a credit for 10 days spent in custody awaiting disposition. The order also provided that "[a]ll other terms and conditions of the Defendant's probation which have been previously imposed by past orders are hereby incorporated by reference."

Finally, on April 25, 2019, the State filed a third petition for revocation based, in part, on new drug charges. On April 26, Burton was charged in a separate case for those offenses: case No. 23CR-19-542. After several continuances, the court held a hearing in both cases on August 31, 2020. Defense counsel stated that he did not believe the circuit court had jurisdiction over the revocation because the last order revoking his probation on August 10, 2018, did not indicate that he was placed on probation. In case No. 23CR-19-542, Burton pleaded guilty to the felony charges, and the misdemeanor charges were nol prossed; both the sentencing hearing on the new convictions and the revocation hearing were set for October 22. Burton failed to appear on October 22, and the final hearing occurred on January 13, 2021.

At the hearing, Burton argued that the last order revoking his probation on August 10 sentenced him to 180 days of detention but did not indicate that he was to continue on

2

probation. Therefore, he contended, he was not on probation when the petition to revoke was filed in April 2019, and the court had no jurisdiction. The court found that the language in the August 10 order incorporating by reference all "other terms and conditions of the Defendant's probation which have been previously imposed by past orders" included the time and duration of probation. The February revocation order had sentenced him to the probation remaining from the initial conviction—that is, through May 24, 2018—plus an additional twelve months. Accordingly, the court found Burton was still on probation in April 2019 when the petition for probation was filed. The court then revoked his probation and sentenced him to 32 days in the county jail.

Burton's sole point on appeal is that the circuit court had no jurisdiction to revoke his probation. A court may revoke probation *after the expiration of the probation period* only if the defendant is arrested, a warrant for his arrest is issued for violation of probation, a petition to revoke has been filed, or he has been issued a citation or served with a summons for violation of probation *before expiration of the probationary period*. Ark. Code Ann. § 16-93-308(f) (Supp. 2021). Burton claims that the order of February 16, 2018, sentenced him to twelve months' probation, which ended on February 15, 2019. He states that the last order of revocation on August 10, 2018, sentenced him to 180 days in the Faulkner County Detention Center and ordered him to complete any remaining probation—which he contends ended on February 15, 2019. He argues that the petition to revoke, which was

filed on April 25, 2019, was untimely because it was filed after his probation had already expired. [1]

Before we address Burton's argument, we must address the issue of an illegal sentence. We treat an illegal sentence as an issue of subject-matter jurisdiction. *Muhammad v. State*, 2021 Ark. 129, at 6, 624 S.W.3d 300, 305. Thus, we may address it sua sponte and review it even though it is not raised on appeal. *Id.*

The touchstone for determining whether a sentence is illegal or void is the circuit court's authority to act. *Glaze v. State*, 2011 Ark. 464, at 7, 385 S.W.3d 203, 209. Because sentencing in Arkansas is entirely a matter of statute, a circuit court has the authority to impose a particular sentence only when it complies with the applicable statute. *Id.* The issue in this case is whether Burton was still on probation when the petition to revoke was filed in April 2019.

A circuit court may sentence a defendant to probation for a period of time that does not exceed the maximum jail or prison sentence allowable for the offense charged. Ark. Code Ann. § 5-4-306 (Repl. 2013). Here, the offense charged is a Class A misdemeanor, which carries a maximum sentence of twelve months. Ark. Code Ann. § 5-4-401(b)(1) (Repl. 2013). When a circuit court revokes a defendant's probation, it may impose any sentence that might have been imposed originally for the offense. Ark. Code Ann. § 16-93-

---

[1]We recognize that Burton's argument on appeal is slightly different from his argument in the circuit court. But whether a circuit court may revoke probation after expiration of the probation period is a question of jurisdiction. *Carter v. State*, 350 Ark. 229, 85 S.W.3d 914 (2002). A circuit court's loss of jurisdiction over a defendant "is always open, cannot be waived, can be questioned for the first time on appeal, and can even be raised by this court." *Gavin v. State*, 354 Ark. 425, 429, 125 S.W.3d 189, 191 (2003).

308(g)(1)(A) (Supp. 2021). If the court chooses to sentence the defendant to probation, Ark. Code Ann. § 16-93-309 provides that the court may continue the period of probation or lengthen the period within the limits set by Ark. Code Ann. § 5-4-306. In other words, in this case, the maximum probation the court was authorized to impose is twelve months.

The February 16, 2018, order sentenced Burton to "a period equal to the time which is still remaining from his previous probationary sentence plus an additional" twelve months' probation. Because his initial one-year period of probation would have ended on May 24, 2018, the revocation sentence amounted to fifteen months' probation ending on May 24, 2019. The maximum sentence authorized for the offense for which Burton was convicted is twelve months. As a result, the circuit court had no authority to impose a sentence of fifteen months' probation. Thus, the sentence was illegal; probation could not have been imposed for a period past February 15, 2019; and Burton was not on probation in April 2019 when the petition to revoke was filed in this case.

We hold that the circuit court had no jurisdiction, and we reverse and dismiss. To the extent that Burton's argument differs from our holding, it will not be addressed. Further, the State's argument that Burton's challenge addresses only sentencing—which, it argues, has been served and is therefore moot—is rejected by our holding herein.

Reversed and dismissed.

KLAPPENBACH and BROWN, JJ., agree.

*Charles D. Hancock*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.