Cite as 2022 Ark. 16

# SUPREME COURT OF ARKANSAS
### No. CR-21-246

| | | |
|---|---|---|
| DRAKEASE HALL | | **Opinion Delivered:** February 3, 2022 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE PULASKI |
| V. | | COUNTY CIRCUIT COURT, THIRD |
| | | DIVISION |
| STATE OF ARKANSAS | | [NO. 60CR-10-3728] |
| | APPELLEE | |
| | | HONORABLE CATHLEEN V. |
| | | COMPTON, JUDGE |
| | | |
| | | AFFIRMED. |

**ROBIN F. WYNNE, Associate Justice**

Appellant Drakease Hall, who is sometimes known as Dra'kease D. Hall, appeals the trial court's denial of his pro se petition to correct an illegal sentence under Arkansas Code Annotated section 16-90-111(a) (Repl. 2016). We affirm the trial court's order because Hall did not establish that the sentence being challenged was an illegal sentence.

## I. *History*

In 2012, Hall entered negotiated pleas of guilty to charges of murder in the first degree and attempted murder in the first degree. Hall was sentenced to an aggregate term of 480 months' imprisonment with an additional sentence enhancement of 120 months for use of a firearm for a total of 600 months' imprisonment. In 2020, Hall filed his petition alleging that the sentence imposed in 2012 was an illegal sentence and should be vacated under the statute or that he should be resentenced.

## II. *Standard of Review Under Section 16-90-111*

The trial court's decision to deny relief pursuant to section 16-90-111 will not be overturned unless that decision is clearly erroneous. *Muhammad v. State*, 2021 Ark. 129, 624 S.W.3d 300. Under section 16-90-111, a finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Swift v. State*, 2018 Ark. 74, 540 S.W.3d 288.

## III. *Section 16-90-111*

Section 16-90-111(a) provides authority to a trial court to correct an illegal sentence at any time. *Jenkins v. State*, 2017 Ark. 288, 529 S.W.3d 236. An illegal sentence is one that is illegal on its face. *Jackson v. State*, 2018 Ark. 209, 549 S.W.3d 346. A sentence is illegal on its face when it is void because it is beyond the trial court's authority to impose and gives rise to a question of subject-matter jurisdiction. *Swift*, 2018 Ark. 74, 540 S.W.3d 288. Sentencing is entirely a matter of statute in Arkansas, and a sentence is illegal when it exceeds the maximum sentencing, as set out by statute, for the offense of which the defendant was convicted. *Fischer v. State*, 2017 Ark. 338, 532 S.W.3d 40. The petitioner seeking relief under section 16-90-111(a) must demonstrate that his or her sentence was illegal. *Redus v. State*, 2019 Ark. 44, 566 S.W.3d 469.

## IV. *Presumptive Sentences for the Offenses*

Hall claimed in his petition and argues on appeal that the judgment should be vacated under section 16-90-111 or, at the least, that he should be resentenced because the sentences

imposed exceeded the presumptive sentences allowed for the offenses and because he was not afforded a hearing to rebut the evidence supporting departures from the presumptive sentences. As we have held, a claim that a sentence exceeded the presumptive sentence goes behind the face of the judgment and does not implicate the facial validity of the judgment. *Redus*, 2019 Ark. 44, 566 S.W.3d 469.

An illegal sentence is one that is illegal on its face. *Wesley v. State*, 2019 Ark. 270, 585 S.W.3d 156. The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face. *McArty v. State*, 2020 Ark. 68, 594 S.W.3d 54. Hall was sentenced to 480 months' imprisonment for first-degree murder and an additional 120 months' imprisonment as a firearm enhancement. Pursuant to Arkansas Code Annotated section 5-10-102(c)(1) (Repl. 2016), first-degree murder is a Class Y felony. A Class Y felony is punishable by a range of imprisonment of ten to forty years, or life. *See* Ark. Code Ann. § 5-4-401(a)(1) (Repl. 2006). The use-of-a-firearm enhancement permits a sentence of up to fifteen years' imprisonment. *See* Ark. Code Ann. § 16-90-120(a) (Supp. 2011). Attempted first-degree murder under Arkansas Code Annotated section 5-3-203(2) (Repl. 2006) is a Class A felony if the offense attempted is a Class Y felony other than capital murder. The sentencing range for a Class A felony is six to thirty years' imprisonment. *See* Ark. Code Ann. § 5-4-401(a)(2) (Repl. 2006). Accordingly, the sentence imposed on Hall for each of the offenses and the firearm enhancement was within the statutory range for the offenses and was a legal sentence.

Hall asserts that when he pleaded guilty, he should have been allowed a hearing to contest the evidence supporting the departure from the presumptive sentences; however, claims of improper plea procedures do not raise a question of a void or illegal sentence. *See Bell v. Gibson*, 2019 Ark. 127. Rather, the claim amounts to an allegation that the sentence was illegally imposed. When the petitioner's grounds for relief under the statute go behind the face of the judgment and do not implicate the facial validity of the judgment, the petitioner is obligated to pursue those claims in a timely filed petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. *See Redus*, 2019 Ark. 44, 566 S.W.3d 469. The time limitations on filing a petition under section 16-90-111(a) and (b)(1) alleging that a sentence was imposed in an illegal manner were superseded by Rule 37.2(c). *Swift*, 2018 Ark. 74, 540 S.W.3d 288. Rule 37.2(c)(i) mandates that a petitioner seeking relief under the Rule must bring his or her petition within ninety days of the date that the judgment of conviction was entered on a plea of guilty or nolo contendere. *Ford v. State*, 2021 Ark. 112, 622 S.W.3d 635. Hall's claim that the trial court did not properly conduct the plea hearing in 2012 should have been raised under Rule 37 within the time permitted by the Rule. A petition filed pursuant to section 16-90-111 is not a substitute for filing a timely petition under Rule 37. *Id.* All collateral challenges attacking a plea of guilty or nolo contendere must be filed under the Rule. *Swift*, 2018 Ark. 74, 540 S.W.3d 288.

## V. *Other Grounds Raised*

Hall relies on *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to establish that his sentence was rendered illegal because there was no

hearing on the departure from presumptive-sentencing guidelines, and a jury did not set the sentence. In *Blakely*, the United States Supreme Court set forth the rule expressed in *Apprendi* as follows: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Blakely*, 542 U.S. at 301. Because Hall's sentence did not exceed the statutory maximum, his reliance on *Blakely* and *Apprendi* is misplaced. *See Muhammad*, 2021 Ark. 129, 624 S.W.3d 300; *see also Smith v. State*, 2021 Ark. 131 (rejecting petitioner's claim that the sentence imposed was an illegal departure from the presumptive sentence due to the trial court's failure to set forth the reasons for the departure, which was based on *Blakely* and *Apprendi*).

Because the sentences imposed for first-degree murder, attempted first-degree murder, and the firearm enhancement were facially legal, we need not discuss any other grounds raised by Hall. The trial court did not err when it denied the petition for relief under the statute because section 16-90-111(a) provides no relief when the petitioner cannot demonstrate that a sentence was illegal on its face.

Affirmed.

*Dra'Kease D. Hall*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.