Cite as 2022 Ark. 117

# SUPREME COURT OF ARKANSAS
No. CR-21-336

| | | |
|---|---|---|
| TERRANCE MANUEL | | **Opinion Delivered:** June 2, 2022 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE PHILLIPS COUNTY CIRCUIT COURT |
| V. | | [NO. 54CR-99-151] |
| | | |
| STATE OF ARKANSAS | | HONORABLE E. DION WILSON, JUDGE |
| | APPELLEE | |
| | | <u>AFFIRMED</u>. |

**KAREN R. BAKER, Associate Justice**

Appellant Terrance Manuel appeals from the trial court's denial of his pro se petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). Manuel alleged in the petition that his sentence is illegal on its face because it is a departure from the presumptive sentence set forth in Arkansas's sentencing guidelines and that his sentences violated the United States Supreme Court's holdings in *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Manuel further alleged that his sentence for the second count of first-degree murder is illegal because the single sentence was imposed in part concurrently and in part consecutively. The trial court denied his petition, finding that Manuel's claims for relief were untimely and that he had otherwise failed to demonstrate that the sentences were facially illegal. We affirm.

## I. *Background*

In September 2000, Manuel pleaded guilty to two counts of first-degree murder. The plea hearing that is part of the record reflects that Manuel was originally charged with two counts of capital murder and two counts of aggravated robbery and that in exchange for his guilty plea, the two capital-murder charges were amended to first-degree murder, and the two aggravated-robbery charges were dismissed. Manual was sentenced by the trial court on the first count of first-degree murder to 480 months' or 40 years' imprisonment and was sentenced on the second count of first-degree murder to 420 months' or 35 years' imprisonment to run concurrently with the first count with an additional 60 months' or 5 years' imprisonment to run consecutively to the first count, for an aggregate term of 540 months' or 45 years' imprisonment. The sentences were explained to Manuel by the trial court at the plea hearing, and no objection was made.

## II. *Standard of Review*

The trial court's decision to deny relief pursuant to section 16-90-111 will not be overturned unless that decision is clearly erroneous. *Millsap v. State*, 2020 Ark. 38. Under section 16-90-111, a finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

## III. *Arkansas Code Annotated Section 16-90-111*

Section 16-90-111(a) gives a trial court authority to correct an illegal sentence at any time. *Redus v. State*, 2019 Ark. 44, 566 S.W.3d 469. An illegal sentence is one that is illegal

on its face. *Id.* A sentence is illegal on its face when it is void because it is beyond the trial court's authority to impose and gives rise to a question of subject-matter jurisdiction. *Id.* Sentencing is entirely a matter of statute in Arkansas. *Id.* The petitioner seeking relief under section 16-90-111(a) must demonstrate that his or her sentence was illegal. *Id.* The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face. *McArty v. State*, 2020 Ark. 68, 594 S.W.3d 54. A trial court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, and typically, trial error does not implicate the jurisdiction of the trial court or, as a consequence, implicate the facial validity of the judgment. *Id.*

IV. *Claims for Relief*

As stated above, Manuel claimed in the petition filed in the trial court that his sentences departed from the presumptive sentence of 384 months' or 32 years' imprisonment for first-degree murder as prescribed by Arkansas's sentencing guidelines. According to Manuel, because he was not provided with a "departure hearing" as required by the United States Supreme Court in *Blakely*, 542 U.S. 296, and *Apprendi*, 530 U.S. 466, his sentences of 480 months' or 40 years' imprisonment for first-degree murder are illegal. Manuel has reasserted the same claim on appeal. Manuel also alleged in the petition filed below that the 480-month sentence for the second count of first-degree murder was split between concurrent and consecutive terms of imprisonment and that such a "split sentence" is illegal on its face.

Both of Manuel's claims are time-barred. Arkansas Code Annotated section 16-90-111(a) gives a trial court authority to correct a facially illegal sentence—as opposed to one imposed illegally—at any time. *Mister v. State*, 2022 Ark. 35, 639 S.W.3d 331. Sentencing is entirely a matter of statute in Arkansas, and the general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face. *Id.* A trial court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, and typically, trial error does not implicate the jurisdiction of the circuit court or, as a consequence, the facial validity of the judgment. *Id.* When the petitioner's grounds for relief under the statute go behind the face of the judgment and do not implicate the facial validity of the judgment, the petitioner is obligated to pursue those claims in a timely filed petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. *Hall v. State*, 2022 Ark. 16, 638 S.W.3d 270. The time limitations on filing a petition under section 16-90-111(a) and (b)(1) alleging that a sentence was imposed in an illegal manner were superseded by Rule 37.2(c), which imposes a ninety-day time limitation on filing a petition that challenges a sentence imposed after the petitioner pleads guilty. *Id.*

A claim that a sentence is illegal because it departed from the presumptive sentence and was imposed in violation of *Blakely* and *Apprendi* is a claim that goes behind the face of the judgment and does not implicate the facial validity of the judgment. *Smith v. State*, 2021 Ark. 131. As such, it is a claim that the sentence was imposed in an illegal manner and is therefore governed by the time limitations set out in Arkansas Rule of Criminal Procedure 37.2(c). The same is true with respect to Manuel's second claim that the split sentence is

4

illegal. This is also a claim that the trial court imposed the sentence in an illegal manner and is subject to the time limits set forth in Rule 37.2(c). *Prince v. State*, 2020 Ark. 288 (citing *Fritts v. State*, 298 Ark. 533, 768 S.W.2d 541 (1989) for the proposition that a single sentencing term split as consecutive and concurrent was not illegal on its face). A petition challenging the manner in which the sentence was imposed is due to be filed in the trial court ninety days from the date of the convictions. However, Manuel's petition to correct an illegal sentence was filed approximately twenty years later on October 22, 2020.

The sentences of 480 months' or 40 years' imprisonment for the two counts of first-degree murder fall within the maximum sentences prescribed by law in that first-degree murder is a Class Y felony. Ark. Code Ann. § 5-10-102(c) (Repl. 1997). The maximum penalty for a Class Y felony is "not more than forty (40) years, or life." Ark. Code Ann. § 5-4-401(a)(1) (Repl. 1997). Therefore, Manuel's sentences are facially legal, and the trial court did not clearly err when it denied Manuel's petition.

Affirmed.

*Terrance Manuel*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.