Cite as 2023 Ark. 37

# SUPREME COURT OF ARKANSAS

No. CR-22-571

| | | |
|---|---|---|
| NICKOL CARTER | | **Opinion Delivered:** March 9, 2023 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRD DIVISION |
| V. | | [NO. 60CR-09-564] |
| STATE OF ARKANSAS | | HONORABLE CATHLEEN V. |
| | APPELLEE | COMPTON, JUDGE |
| | | AFFIRMED. |

SHAWN A. WOMACK, Associate Justice

Appellant Nickol Carter appeals from the trial court's denial of his pro se petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). On appeal, Carter argues that (1) his sentences were facially illegal because they were enhanced in violation of *Blakely v. Washington*, 542 U.S. 296 (2004), *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and Arkansas's sentencing guidelines; (2) Arkansas Code Annotated section 16-90-804 is unconstitutional on the basis of this court's holding in *Muhammad v. State*, 2021 Ark. 129, 624 S.W.3d 300; and (3) his sentence is illegal on its face because he was impermissibly sentenced to a suspended imposition of sentence as a habitual offender. Because none of the allegations raised by Carter establish that his sentence was facially illegal, we affirm the trial court's order denying relief.

I. *Background*

On December 11, 2009, Carter entered a plea of guilty to four counts of aggravated robbery, four counts of being a felon in possession of a firearm, and one count of robbery. He was sentenced as a habitual offender to 420 months' imprisonment and 180 months' suspended imposition of sentence (SIS) for each count of aggravated robbery, to 120 months' imprisonment for each felon-in-possession-of-a-firearm count, and 120 months' imprisonment for the robbery. All the terms of imprisonment were to be served concurrently for an aggregate term of 420 months' imprisonment.

On March 11, 2010, Carter filed in the trial court a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2010) and a pro se petition for reduction of sentence pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2003). The trial court denied the Rule 37.1 petition, finding that Carter had earlier filed a motion to withdraw the guilty plea that had been treated as a petition under Rule 37.1, and he was not entitled to file a second Rule 37.1 petition. The court also denied the section 16-90-111 petition, holding that it had already denied postconviction relief under Rule 37.1 and that it did not have jurisdiction to modify the sentence. After Carter filed a motion seeking to modify the order that denied the section 16-90-111 petition, this court dismissed his appeal from the trial court's denial of his request to modify the section 16-90-111 petition. *Carter v. State*, 2010 Ark. 349 (per curiam).

Carter subsequently filed a petition for writ of error coram nobis in the trial court, contending he was subjected to a Brady violation, and that his plea was coerced. *Brady v.*

*Maryland*, 373 U.S. 83 (1963). The trial court denied the petition. After lodging the appeal in this court and seeking photocopies at public expense and an extension of time, we dismissed the appeal, finding it was clear that Carter could not prevail if the appeal were allowed to proceed, and the trial court had not abused its discretion in denying his petition for writ of error coram nobis. *Carter v. State*, 2012 Ark. 186 (per curiam).

## II. *Standard of Review*

The trial court's decision to deny relief pursuant to section 16-90-111 will not be overturned unless that decision is clearly erroneous. *Manuel v. State*, 2022 Ark. 117. Under section 16-90-111, a finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Millsap v. State*, 2020 Ark. 38.

## III. *Arkansas Code Annotated Section 16-90-111*

Section 16-90-111(a) gives a trial court authority to correct an illegal sentence at any time. *Redus v.* State, 2019 Ark. 44, 566 S.W.3d 469. An illegal sentence is one that is illegal on its face. *Id.* A sentence is illegal on its face when it is void because it is beyond the trial court's authority to impose and gives rise to a question of subject-matter jurisdiction. *Id.* Sentencing is entirely a matter of statute in Arkansas. *Id.* The petitioner seeking relief under section 16-90-111(a) must demonstrate that his or her sentence was illegal. *Id.* The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face. *McArty v. State*, 2020 Ark. 68, 594 S.W.3d 54. A trial court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, and

3

typically, trial error does not implicate the jurisdiction of the trial court or, as a consequence, implicate the facial validity of the judgment. *Id.*

## IV. *Claims for Relief*

For the first time on appeal, Carter argues that Arkansas Code Annotated section 16-90-804 (Repl. 2006) is rendered unconstitutional based on this court's holding in *Muhammad*, 2021 Ark. 129, 624 S.W.3d 300,[1] and that his sentence is illegal because he was not eligible for a suspended sentence due to his status as a habitual offender. Arguably, Carter raised these claims in a supplemental brief and a second supplemental petition after his original section 16-90-111 petition was filed in the trial court. However, the trial court never made a ruling regarding the arguments raised in those pleadings. This court has consistently held that arguments raised for the first time on appeal will not be considered, and even constitutional arguments must be raised in the trial court and ruled on in order to preserve the issues for appellate review. *Muhammad*, 2021 Ark. 129, 624 S.W.3d 300; *Armstrong v. State*, 2020 Ark. 309, 607 S.W.3d 491.

---

[1]Carter's constitutionality claim regarding section 16-90-804 and the procedures involved with a departure and sentencing procedure were raised in Carter's original petition without reference to *Muhammad*, and the claim itself is discussed *infra*. With respect to his claim that "running suspended sentences consecutive to each of the other charges made the sentences illegal" on the basis of the holding in *Muhammad*, the claim is not preserved for appeal. Notwithstanding Carter's misunderstanding of the holding in *Muhammad*, the circumstances in *Muhammad* are not applicable to Carter's case, as he was not sentenced to suspended sentences to run consecutively to terms of imprisonment imposed for separate offenses; and the term of his suspended sentences, when combined with the period of imprisonment, did not exceed the statutory maximum for the offense. *See Muhammad*, 2021 Ark. 129, at 6–7, 624 S.W.3d at 305.

Carter contends on appeal, as he did below, that a durational departure occurred and that when such a departure occurs, the reasoning for the departure must be clearly stated on the record. Essentially, he contends that there were no reasons given for the durational departure, which makes the sentencing order invalid as to all counts and the sentences facially illegal pursuant to *Blakely* and *Apprendi*.

A claim that a sentence exceeds the presumptive sentence goes behind the face of the judgment and does not implicate the facial validity of the judgment. *Hall v. State*, 2022 Ark. 16, 638 S.W.3d 270. Rather, it is a claim that the sentence was imposed in an illegal manner and is therefore governed by the time limitations set out in Arkansas Rule of Criminal Procedure 37.2(c). *Manuel*, 2022 Ark. 117.

Carter further argues that Arkansas Code Annotated section 16-90-804 affords him an opportunity to argue against the upward departure, and because the plea and sentencing take place "usually within minutes of each other[,]" the procedure does not comport with Arkansas law. Moreover, Carter contends that section 16-90-804 contains discretionary language regarding when departure hearings may occur, which "violates the mandatory language in the reasoning and holding of *Blakely* and *Apprendi*," making section 16-90-804 unconstitutional. In support of his claim, he argues that his plea statement and hearing did not constitute an explicit waiver or stipulation as required by *Blakely* and *Apprendi* because those cases require that he specifically state that he wanted the trial court to decide all the matters—including departures and enhancements—and that he was specifically waiving sentencing by a jury. In the same vein, Carter further contends that he was not advised by

the trial court that he could seek sentencing by the jury pursuant to Arkansas Code Annotated section 16-97-101(6) (Repl. 2006) and that since the language in section 16-97-101 is discretionary in contravention of *Blakely* and *Apprendi*, it is also unconstitutional. As with his previous argument, Carter's claims go behind the face of the judgment and do not implicate the facial validity of the judgment. *Manuel*, 2022 Ark. 117. Although he couches his claims as challenges to the constitutionality of sections 16-90-804 and 16-97-101 with respect to *Blakely* and *Apprendi*, Carter's claims, at best, amount to an allegation that his sentence was illegally imposed. *Id.*

Notwithstanding his claims to the contrary, Carter's judgment is not illegal on its face. He was sentenced as a habitual offender pursuant to Arkansas Code Annotated section 5-4-501(a) (Supp. 2009). Aggravated robbery, a Class Y felony, is subject to a term of not less than ten years nor more than sixty years, or life. Ark. Code Ann. § 5-4-501(a)(2)(A). Robbery and being a felon in possession of a firearm, both Class B felonies, are subject to a term of not less than five years nor more than thirty years. Ark. Code Ann. § 5-4-501(a)(2)(C). Carter was sentenced to 420 months' or 35 years' imprisonment and 180 months' or 15 years' SIS for each count of Class Y felony aggravated robbery, well within the statutory maximum subject to the habitual-offender enhancement.[2] He was also sentenced to 120 months' or 10

---

[2]While a trial court can impose a suspended sentence for up to the maximum term of imprisonment allowed, when the suspended sentence is combined with a period of imprisonment, the total period of imprisonment is subject to the limitations imposed by the relevant statutory maximums set forth in sections 5-4-401 and -501. *Muhammad*, 2021 Ark. 129, 624 S.W.3d 300. Here, the total sentence imposed for each count of aggravated robbery, including the suspended sentence, was fifty years to be served concurrently.

years' imprisonment on each of the Class B felony convictions—also well within the statutory maximum of thirty years with the habitual-offender enhancement. Carter is not entitled to relief to correct an illegal sentence because his sentences are not illegal. *See Swift v. State*, 2018 Ark. 74, 540 S.W.3d 288.

Affirmed.

*Nickol Carter*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.