Cite as 2025 Ark. 179

# SUPREME COURT OF ARKANSAS

No. CR–25–217

| | |
|---|---|
| CHARLES ISAAC WILSON, JR.<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** November 13, 2025<br><br>PRO SE APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. 66FCR–09–464A]<br><br>HONORABLE STEPHEN TABOR, JUDGE<br><br>AFFIRMED. |

**RHONDA K. WOOD, Associate Justice**

The circuit court denied Charles Isaac Wilson, Jr.'s petition to correct an illegal sentence for lack of jurisdiction. Wilson appeals, and the State concedes that the circuit court had jurisdiction to consider the petition. We affirm because his petition lacks merit, and thus, the court did not clearly err by denying it.

## I.    *Background*

In 2010, Wilson was found guilty of delivery of a controlled substance and was sentenced as a habitual offender to serve a term of 480 months' imprisonment succeeded by 240 months' suspended imposition of sentence. Wilson petitioned to correct an illegal sentence under Arkansas Code Annotated section 16-90-111 (Repl. 2016). He alleged that his sentence is illegal because (1) the prosecutor made inflammatory remarks during closing argument; (2) it violated due process and equal protection; and (3) Arkansas law prohibits

an imposition of a suspended sentence for habitual offenders.[1] The circuit court denied his petition, stating it lacked jurisdiction.

## II.     *Analysis*

On review we will not overturn a circuit court's denial of a petition to correct an illegal sentence unless it is clearly erroneous.[2] A finding is clearly erroneous when the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that there has been a mistake.[3] A circuit court can correct an illegal sentence at any time,[4] which is why the State correctly concedes the circuit court erred in denying relief for lack of jurisdiction. Yet it argues this court should affirm the denial for different reasons. We agree because a review of the record demonstrates Wilson's petition cannot succeed.

A court considers whether an illegal sentence is illegal on its face.[5] The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face.[6] On appeal, Wilson contends that the circuit court failed to explain its reasoning and that it did not give his petition a fulsome review as required by the constitutions of the United States and Arkansas and the Arkansas Code of Judicial Conduct. But he recognizes

---

[1]Ark. Code Ann. § 5-4-301(a)(2) (Repl. 2006).

[2]*Harmon v. State*, 2023 Ark. 120, at 2, 673 S.W.3d 797, 799.

[3]*Id.*

[4]*See* Ark. Code Ann. § 16-90-111(a); *Woodruff v. State*, 2024 Ark. 13, at 2, 682 S.W.3d 662, 664.

[5]*Id.*

[6]*Id.*

this court's de novo review of the record and states he has "nothing further to add at this time." He asks us to reverse, and remand for further proceedings.

Wilson is not entitled to relief on his petition. Contrary to Wilson's arguments, the circuit court did provide a reason for denying his petition, albeit a wrong one. There is no further requirement that the court afford Wilson a hearing because, as we explained, a sentence is illegal based on its face. And Wilson's sentence was within the statutory range and facially valid.[7]

As to his argument that Arkansas Code Annotated section 5-4-301(a)(2) prohibits imposition of a suspended sentence because he is a habitual offender, and that suspended sentences are prohibited by statute, he is mistaken. A habitual offender may receive a suspended sentence along with a sentence to a term of imprisonment within certain parameters.[8] When a habitual offender is sentenced first to a term of imprisonment beyond the minimum term, then a successive suspended sentence is not prohibited by section 5-4-301(a)(2) as long as the total combined sentence does not exceed the maximum term.[9]

Wilson was convicted of delivery of a controlled substance, a Class Y felony, and was sentenced as a habitual offender in accordance with Arkansas Code Annotated section 5-4-501(a)(1)(B)(ii) (Repl. 2006) to 480 months' imprisonment followed by a suspended

---

[7]Any claims that go beyond this and to trial error are not considered. *Woodruff*, 2024 Ark. 13, 682 S.W.3d 662.

[8]*See Carter v. State*, 2023 Ark. 37, 660 S.W.3d 793; *see also Muhammad v. State*, 2021 Ark. 129, 624 S.W.3d 300.

[9]*See Todd v. State*, 2016 Ark. App. 204, 489 S.W.3d 207.

sentence of 240 months. The minimum sentence for a Class Y felony for a habitual offender who has committed more than one previous felony was ten years and the maximum was sixty years.[10] Wilson's sentence for imprisonment was beyond the minimum and combined sentence does not exceed the maximum for the offense. It is therefore facially legal. Although the circuit court denied the petition for lack of jurisdiction, this court may affirm a circuit court when it has reached the right decision, albeit for the wrong reason, when we have an adequately developed record.[11] The circuit court did not clearly err when it denied Wilson's petition, and we affirm.

Affirmed.

*Charles Isaac Wilson*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Jacob Jones*, Ass't Att'y Gen., for appellee.

---

[10] *See* Ark. Code Ann. § 5-4-501(a)(1)(C) &(a)(2)(Repl. 2006).

[11] *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385.