Alvin McKEE *v.* STATE of Arkansas

CR 93-1151                                      871 S.W.2d 351

Supreme Court of Arkansas
Opinion delivered February 28, 1994

*Green & Henry*, by: *J. Bradley Green*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

PER CURIAM. The appellant Alvin McKee was charged with theft of property, a Class C felony, in that he exercised unauthorized control over property in the excess of $200.00 but less than $2500.00. It was also alleged that he should be sentenced as an habitual offender.

In addition to the Class C theft of property charge, there were numerous other charges pending against Mr. McKee, including four counts of escape. Mr. McKee pleaded guilty to the one count of Class C theft of property and four counts of escape. In exchange for the plea agreement several other charges against Mr. McKee were dropped. He was sentenced to twenty years imprisonment for the theft of property and five years for the four counts of escape, for a total of twenty-five years imprisonment. He was not sentenced as an habitual offender. He filed a petition to correct an illegal sentence which was denied without comment. Mr. McKee brings this appeal.

Mr. McKee was sentenced as though his theft of property were a Class B felony. Although the information and judgment and commitment order classifies the theft of property as a C felony, Mr. McKee's signed guilty plea statement characterized the theft of property as a Class B felony with a possible sentence of five to twenty years imprisonment. At the plea hearing, the court called the charge a "B felony" and told Mr. McKee that he could be sentenced from five to twenty years. The court said,

"And you know that you are charged with a count of theft which is a B felony, and carries five to twenty years." Mr. McKee answered, "Yes, sir."

■■ A circuit court may correct an illegal sentence at any time pursuant to the provisions of Ark. Code Ann. § 16-90-111(a) (Supp. 1993). An illegal sentence is one that is illegal on its face. *Blanks* v. *State*, 300 Ark. 398, 779 S.W.2d 168 (1989). The judge never made an official pronouncement of sentence orally. The judgment and commitment form reflected that Mr. McKee was convicted of a Class C felony, and that is what he was charged with in the information. Since Mr. McKee was not charged with a Class B felony, he could not have been convicted of one. As this court stated in *Hedrick* v. *State*, 292 Ark. 411, 730 S.W.2d 488 (1987), "Conviction upon a charge not made would be sheer denial of due process." *See also Hagen* v. *State*, 315 Ark. 20, 864 S.W.2d 854 (1993). Mr. McKee should have been sentenced for a Class C felony, the maximum sentence being ten years. Ark. Code Ann. § 5-4-401(4). Therefore, his sentence for theft of property is reduced to ten years.

Reversed.

CORBIN, J., not participating.