SLIP OPINION

Cite as 2015 Ark. 247

# SUPREME COURT OF ARKANSAS

No. CR–14–577

| | | |
|---|---|---|
| RUFUS BARNER | | **Opinion Delivered** May 28, 2015 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION |
| V. | | [NO. CR2013-3126] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE JAMES LEON JOHNSON, JUDGE |
| | | AFFIRMED. |

**ROBIN F. WYNNE, Associate Justice**

Rufus Barner appeals from the Pulaski County Circuit Court's dismissal of his appeal to that court from Pulaski County District Court. He argues the following on appeal: (1) that precedent from this court relied on by the State and the circuit court is not applicable to his case; (2) that Arkansas Code Annotated section 5-4-305(a)(1) creates a right to appeal from the imposition of probation in the absence of a judgment of conviction; and (3) that the dismissal of his appeal by the circuit court violated his constitutional right to a jury trial. Because this case presents an issue of first impression and a significant issue needing clarification or development of the law, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(b)(1) and (5) (2014). We affirm.

On September 12, 2013, appellant pled nolo contendere to a charge of third-degree domestic battery and was sentenced to one year of probation and assessed a fine and costs

pursuant to Act 346 of 1975, also known as the First Offender Act, which is codified at Arkansas Code Annotated sections 16-93-301 to -305. The order of probation states that it is being entered without a finding of guilt and that if appellant demonstrates rehabilitation and fulfills the terms and conditions of his probation, an order will be entered upon petition or motion dismissing the case, discharging appellant without an adjudication of guilt, and expunging the record.

Appellant appealed to the Pulaski County Circuit Court from the order of probation. He subsequently executed a waiver of jury trial in circuit court. On November 14, 2013, the State filed a motion to dismiss the appeal to circuit court in which it alleged that a defendant who enters a plea of nolo contendere and is ordered to complete probation pursuant to Act 346 of 1975 is not eligible to appeal the order of probation to circuit court. After a hearing on January 22, 2014, which consisted solely of argument by counsel, the circuit court made an oral ruling granting the State's motion to dismiss the appeal on the basis that there was no conviction in district court from which appellant could appeal to circuit court. Appellant filed a motion to reconsider on February 12, 2014, in which he argued that section 5-4-305 granted him the right to appeal to circuit court and that dismissing his appeal would violate his right to a trial by jury. The circuit court entered a written order granting the State's motion to dismiss the appeal from district court on March 6, 2014. This appeal followed.

In seeking to dismiss appellant's appeal from district court, the State relied on this court's decision in *Lynn v. State*, 2012 Ark. 6. In that case, the defendant entered a negotiated plea of guilty to possession of marijuana and possession of drug paraphernalia in circuit court

and was sentenced under the First Offender Act. She subsequently appealed to this court. Arkansas Rule of Appellate Procedure–Criminal 1(a) (2014) provides that any person convicted of a misdemeanor or felony by virtue of a trial in circuit court has the right to appeal to the Arkansas Court of Appeals or Arkansas Supreme Court. In our opinion dismissing the appeal, we reiterated our statement from prior decisions that pleas of guilty or nolo contendere tendered pursuant to the First Offender Act are not convictions. *See Montoya v. State*, 2010 Ark. 419; *Harrell v. State*, 331 Ark. 232, 962 S.W.2d 325 (1998); *Duncan v. State*, 308 Ark. 205, 823 S.W.2d 886 (1992). Because the defendant was not convicted in circuit court, we held that she could not appeal to an Arkansas appellate court.

Appellant's first argument on appeal is that *Lynn* is not controlling authority in this case. He alleges that this is the case for the following three reasons: (1) *Lynn* involved an appeal from circuit court to an appellate court, not an appeal from a district court to circuit court; (2) the court in *Lynn* did not address a defendant's right to trial by jury; and (3) *Lynn* did not address the possibility that a First Offender Act disposition in district court is, for the purposes of an appeal to circuit court, a conviction. The differing circumstances presented in this case as compared to *Lynn* clearly make this case distinguishable from *Lynn* and prevent it from being controlling authority on the issue presented. However, its holding that a plea of nolo contendere tendered pursuant to the First Offender Act is not a conviction is instructive to our analysis of the case at bar, and the State's reliance on *Lynn* does not provide a basis for reversal.

Appellant next contends that Arkansas Code Annotated section 5-4-305(a)(1) grants

SLIP OPINION

a defendant the right to appeal from district court to circuit court, despite the language of Arkansas Rule of Criminal Procedure 36. Pursuant to Arkansas Rule of Criminal Procedure 36(a) (2014), a person convicted of a criminal offense in a district court, including a person convicted upon a plea of guilty, may appeal the judgment of conviction to the circuit court for the judicial district in which the conviction occurred. The State successfully argued to the circuit court that because, pursuant to *Lynn* and similar cases, a plea of nolo contendere tendered under the First Offender Act is not a conviction, appellant was not permitted to appeal to circuit court under Rule 36(a). Appellant argues that this decision interferes with the right to appeal he contends was granted to him under Arkansas Code Annotated section 5-4-305(a)(1) (Repl. 2013), which states as follows:

> (a) If a court suspends imposition of sentence on a defendant or places him or her on probation, the fact that a judgment of conviction is not entered does not preclude:
> (1) An appeal on the basis of any error in the adjudication of guilt or any error in the entry of the order of suspension or probation[.]

Appellant is incorrect that section 5-4-305 grants him the right to appeal to circuit court from the district court's order of probation. Section 5-4-305(a)(1) allows an appeal on two bases: (1) an allegation of error in the adjudication of guilt and (2) an allegation of error in the entry of the order of suspension or probation. There has been no adjudication of guilt in this case; the district court's order of probation explicitly states this. Appellant also never alleged any error in the entry of the order of suspension or probation. Therefore, section 5-4-305(a)(1) does not apply in this case and does not provide a basis to reverse the circuit court's order dismissing the appeal from district court.

Appellant's final argument is that the circuit court's order dismissing his appeal from district court denied him his rights under the constitutions of the United States and the State of Arkansas to a trial by jury. However, he is mistaken. In district court, appellant availed himself of the First Offender Act which, as codified, states in relevant part that

> [w]henever an accused enters a plea of guilty or nolo contendere prior to an adjudication of guilt, the judge of the circuit court or district court, in the case of a defendant who previously has not been convicted of a felony, *without making a finding of guilt or entering a judgment of guilt and with the consent of the defendant*, may defer further proceedings and place the defendant on probation for a period of not less than one (1) year, under such terms and conditions as may be set by the court.

Ark. Code Ann. § 16-93-303(a)(1)(A)(i) (Supp. 2013) (emphasis supplied). The Act further provides that upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided. Ark. Code Ann. § 16-93-303(a)(2). Appellant voluntarily agreed to defer his criminal proceedings and be placed on probation for at least one year. If his probation is successful, he will be discharged without an adjudication of guilt, his case will be dismissed, and his record will be expunged. Ark. Code Ann. § 16-93-303(b). If he violates his probation and is adjudicated guilty of the offense charged, he will be able to appeal to circuit court at that time. Thus, appellant's right to a trial by jury was not violated by the circuit court's dismissal of his appeal from district court.

Affirmed.

*Llewellyn J. Marczuk*, Deputy Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Eileen W. Harrison*, Ass't Att'y Gen., for appellee.