Cite as 2021 Ark. 112

# SUPREME COURT OF ARKANSAS
**No.** CR–20–283

| | | |
|---|---|---|
| DAMIEN D. FORD | | **Opinion Delivered** May 13, 2021 |
| | APPELLANT | PRO SE APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-10-383] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE BRENT HALTOM, JUDGE |
| | APPELLEE | |
| | | AFFIRMED. |

**SHAWN A. WOMACK, Associate Justice**

Damien D. Ford appeals from the circuit court's denial of his pro se petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). Ford alleged that his sentence is illegal because the trial court did not have jurisdiction to modify his sentence when it revoked his probation and that he was not afforded a preliminary hearing before he pled guilty to, and was originally convicted of, possession of a controlled substance. The circuit court denied his petition, finding that the trial court had the authority to modify the sentence and that Ford's remaining allegation constituted an untimely claim for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure. We find no error and affirm.

## I. *Background*

In January 2011, Ford pled guilty to possession of a controlled substance, namely cocaine, pursuant to Arkansas Code Annotated section 5-64-401 (Repl. 2005), a Class C

felony, and was sentenced to three years' probation. On September 10, 2012, the State filed a petition for revocation of Ford's probation based on the following violations: (1) Ford committed additional crimes while on probation, including battery and aggravated assault; (2) Ford failed to report to his supervising officer on multiple occasions; and (3) Ford failed to pay his financial obligations consisting of court-ordered supervision fees. Ford's probation was revoked by an order entered on April 25, 2013, and Ford was sentenced to 120 months' incarceration. Ford did not appeal the revocation of his probation.

## II. *Standard of Review*

The circuit court's decision to deny relief pursuant to section 16-90-111 will not be overturned unless that decision is clearly erroneous. *Millsap v. State*, 2020 Ark. 38. Under section 16-90-111, a finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

## III. *Arkansas Code Annotated Section 16-90-111*

Section 16-90-111(a) provides authority to a circuit court to correct an illegal sentence at any time. *Redus v. State*, 2019 Ark. 44, 566 S.W.3d 469. An illegal sentence is one that is illegal on its face. *Id.* A sentence is illegal on its face when it is void because it is beyond the circuit court's authority to impose and gives rise to a question of subject-matter jurisdiction. *Id.* Sentencing is entirely a matter of statute in Arkansas, and the petitioner seeking relief under section 16-90-111(a) carries the burden of demonstrating that his sentence was illegal. *Id.* The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face. *McArty v. State*, 2020 Ark. 68, 594 S.W.3d

54. A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, and typically, trial error does not implicate the jurisdiction of the circuit court or, as a consequence, implicate the facial validity of the judgment. *Id.*

IV. *Claims for Relief*

Ford contends that the trial court did not have jurisdiction to modify his original sentence from three years' probation to 120 months' incarceration and instead insists that the original sentence of three years is the legal sentence. Ford is mistaken. If a court revokes a suspension or probation, the court may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he was found guilty. Ark. Code Ann. § 5-4-309(g)(1)(A) (Supp. 2009); *see State v. Brown*, 2019 Ark. 395, 590 S.W.3d 121 (citing *Lee v. State*, 2010 Ark. 261 (per curiam)). Ford was originally convicted of a Class C felony, which carries a maximum sentence of ten years' imprisonment. Ark. Code Ann. § 5-4-401(a)(4) (Repl. 2006). Because the trial court had jurisdiction to modify Ford's sentence to one that does not exceed the maximum for the crime for which he was convicted, the sentence is legal.

Ford's second claim for relief under section 16-90-111 that he was originally convicted without being afforded a preliminary hearing is likewise without merit. Ford's claim regarding the lack of a preliminary hearing does not challenge the sentence but challenges the validity of the conviction for a crime to which he pled guilty. At best, this claim represents an allegation that the sentence was imposed in an illegal manner due to trial error.

This court has held that any claim that the sentence was imposed in an illegal manner, as opposed to a claim that the sentence is facially illegal, is governed by the time limitations set out in Arkansas Rule of Criminal Procedure 37.2(c) (2020). *Redus*, 2019 Ark. 44, 566 S.W.3d 469. When allegations in a section 16-90-111 petition go behind the face of the judgment, they do not implicate the facial validity of the judgment, and a petitioner is obligated to raise such allegations under Rule 37.2(c)(1) and to pursue such claims within ninety days from the date the judgment was entered. *Id*. If the time for relief under Rule 37.2 has expired, section 16-90-111 provides no relief for claims that a sentence was illegally imposed; that is, a petition under section 16-90-111 is not a substitute for filing a timely petition under Rule 37.1. *Id*. Ford's allegation would require an examination of matters beyond the face of the judgment and therefore does not fall within the purview of section 16-90-111. Because Ford did not seek relief within ninety days of the date that his original judgment of conviction was entered, the circuit court did not clearly err when it denied Ford's petition.

Affirmed.

*Damien D. Ford*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.