Cite as 2021 Ark. 130

# SUPREME COURT OF ARKANSAS

No. CR–20–630

| | | |
|---|---|---|
| FREDDIE CLARK | | **Opinion Delivered** June 10, 2021 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION [NO. 60CR-07-1650] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE BARRY SIMS, JUDGE |
| | APPELLEE | |
| | | <u>AFFIRMED</u>. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant Freddie Clark appeals from the circuit court's denial of his pro se petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). Clark alleged that his sentence is illegal because the evidence was insufficient to support his conviction for rape. Because Clark has failed to demonstrate that his sentence is illegal on its face, we affirm.

A Pulaski County jury convicted Clark of rape and sentenced him to twenty-five years' imprisonment. The trial court entered the judgment and conviction order on November 25, 2008. Clark filed his petition with the trial court on June 16, 2020. In an order entered on August 6, 2020, the trial court denied the petition.

The circuit court's decision to deny relief pursuant to section 16-90-111 will not be overturned unless that decision is clearly erroneous. *Millsap v. State*, 2020 Ark. 38. Under section 16-90-111, a finding is clearly erroneous when, although there is evidence to

support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

Section 16-90-111(a) provides authority to a circuit court to correct an illegal sentence at any time. *Redus v. State*, 2019 Ark. 44, 566 S.W.3d 469. An illegal sentence is one that is illegal on its face. *Id.* A sentence is illegal on its face when it is void because it is beyond the circuit court's authority to impose and gives rise to a question of subject-matter jurisdiction. *Swift v. State*, 2018 Ark. 74, 540 S.W.3d 288. Sentencing is entirely a matter of statute in Arkansas. *Fischer v. State*, 2017 Ark. 338, 532 S.W.3d 40. The petitioner seeking relief under section 16-90-111(a) carries the burden to demonstrate that his or her sentence was illegal. *Wesley v. State*, 2019 Ark. 270, 585 S.W.3d 156. The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face. *McArty v. State*, 2020 Ark. 68, 594 S.W.3d 54.

As stated above, Clark challenges the evidence supporting his conviction for rape. Clark insists that the evidence adduced at trial established that he was guilty of fourth-degree sexual assault, a Class D felony. Clark's claim for relief constitutes a challenge to the sufficiency of the evidence supporting his rape conviction. An attack on the sufficiency of the evidence does not implicate the facial validity of the judgment of conviction under section 16-90-111. *Green v. State*, 2021 Ark. 19, 615 S.W.3d 389 (citing *White v. State*, 2018 Ark. 81, 540 S.W.3d 291).

Rape is a Class Y felony. Ark. Code Ann. § 5-14-103(c) (Repl. 2006). A Class Y felony carries a sentencing range of not less than ten years and not more than forty years, or life. Ark. Code Ann. § 5-4-401 (Repl. 2006). Clark's sentence of twenty-five years'

imprisonment falls within the statutory range and is therefore legal on its face. Clark's challenge to the sufficiency of the evidence should have been raised at trial or in a direct appeal. *See Ortega v. State*, 2017 Ark. 365, 533 S.W.3d 68 (stating that a challenge to the sufficiency of the evidence is a direct attack on the judgment and is not cognizable in postconviction proceedings). Therefore, the circuit court did not clearly err when it rejected Clark's claim for relief pursuant to section 16–90–111.

Affirmed.

*Freddie Clark*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.