Cite as 2021 Ark. 177

# SUPREME COURT OF ARKANSAS

No. CR–21–62

| | | |
|---|---|---|
| OSCAR WILLINGHAM | | **Opinion Delivered:** October 14, 2021 |
| | APPELLANT | PRO SE APPEAL FROM THE CLARK COUNTY CIRCUIT COURT [NO. 10CR-11-151] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE CHARLES A. YEARGAN, JUDGE |
| | APPELLEE | REVERSED AND REMANDED TO CORRECT SENTENCING ORDER. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant, Oscar Willingham, appeals from the circuit court's denial of his pro se petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). For reversal, Willingham asserts that (1) the sentencing order entered in his case was illegal on its face in that the sentence imposed for theft of property exceeded the statutory maximum for a Class D felony, and (2) the order further reflected that he was convicted as a habitual offender even though the prosecution agreed to dismiss the habitual-offender charges. We reverse and remand to the circuit court.

On October 22, 2012, Willingham pled guilty to one count of aggravated residential burglary, one count of aggravated robbery, one count of kidnapping, and one count of theft of property. The plea-hearing transcript that is part of this record reflects that pursuant to the negotiated plea deal, the prosecution agreed to withdraw the habitual-offender charges against Willingham. The plea-hearing transcript further demonstrates that Willingham was

advised that he had agreed to plead guilty to two Class Y felonies for aggravated residential burglary and aggravated robbery and two Class B felonies for kidnapping and theft of property. Willingham was sentenced to 288 months' or 24 years' imprisonment for aggravated residential burglary, 120 months' or 10 years' imprisonment for aggravated robbery, 240 months' or 20 years' suspended imposition of sentence for kidnapping, and 240 months' or 20 years' imprisonment for theft of property, for an aggregate sentence of 648 months' or 54 years' imprisonment.

When Willingham committed the offenses, Arkansas Code Annotated section 5-36-103(b)(3)(A) (Supp. 2011) defined a Class D theft-of-property offense as theft of property valued between $1,000 and $5,000. Theft of property was a Class B offense if the property was obtained by threat. Ark. Code Ann. § 5-36-103(b)(1)(B). Pursuant to Arkansas Code Annotated section 5-4-401(a)(5) (Repl. 2006), a Class D felony carried a maximum sentence of six years' imprisonment. A Class B felony was punishable by five to twenty years in prison. Ark. Code Ann. § 5-4-401(a)(3).

The original 2012 sentencing order reflects that Willingham committed the offenses in September 2011 and that he was convicted as a habitual offender in contravention of the plea agreement. Furthermore, the sentencing order indicates that Willingham's theft-of-property offense was based on the value of the property—more than $1,000 and less than $5,000—in violation of Arkansas Code Annotated section 5-36-103(b)(3)(A). Finally, the order classified the theft-of-property offense as a Class D offense.

On July 15, 2020, Willingham filed his first petition to correct an illegal sentence alleging that his sentence exceeded the penalty for a Class D felony. In response to the

2

petition, the circuit court entered an amended sentencing order nunc pro tunc in July 2020 that designated the theft offense as a Class B felony but did not change the description of the offense or the code section that supported a conviction for a Class B felony. Willingham filed a second petition in November 2020 again challenging his theft-of-property sentence and additionally alleging that the order incorrectly reflected that he had been convicted as a habitual offender—charges that had been withdrawn by the prosecution. The circuit court subsequently denied Willingham's petition on the basis that an amended order had been entered in the case. Willingham filed a timely notice of appeal.

The circuit court's decision to deny relief pursuant to section 16-90-111 will not be overturned unless that decision is clearly erroneous. *Millsap v. State*, 2020 Ark. 38. Under section 16-90-111, a finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

Section 16-90-111(a) provides authority to a circuit court to correct an illegal sentence at any time. *Redus v. State*, 2019 Ark. 44, 566 S.W.3d 469. An illegal sentence is one that is illegal on its face. *Jackson v. State*, 2018 Ark. 209, 549 S.W.3d 346. A sentence is illegal on its face when it is void because it is beyond the circuit court's authority to impose and gives rise to a question of subject-matter jurisdiction. *Id.* Sentencing is entirely a matter of statute in Arkansas. *Fischer v. State*, 2017 Ark. 338, 532 S.W.3d 40. The petitioner seeking relief under section 16-90-111(a) carries the burden of demonstrating that his or her sentence was illegal. *Redus*, 2019 Ark. 44, 566 S.W.3d 469. The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face.

3

*McArty v. State*, 2020 Ark. 68, 594 S.W.3d 54. A circuit court has subject–matter jurisdiction to hear and determine cases involving violations of criminal statutes, and typically, trial error does not implicate the jurisdiction of the circuit court or, as a consequence, implicate the facial validity of the judgment. *Id.*

Willingham first alleged in his petition filed in the circuit court and in his argument on appeal that his sentence for theft of property exceeded the maximum for a Class D felony as described in the sentencing order. A circuit court has the power to correct clerical errors nunc pro tunc so that the record speaks the truth. *Barnett v. State*, 2020 Ark. 181, 598 S.W.3d 835. Pursuant to Rule 60(b) of the Arkansas Rules of Civil Procedure, a circuit court may at any time correct clerical mistakes in judgments, decrees, orders, or other parts of the record and errors therein arising from oversight or omission. *Id.* A circuit court's power to correct mistakes or errors is to make the record speak the truth, but not to make it speak what it did not speak but ought to have spoken. *State v. Rowe*, 374 Ark. 19, 285 S.W.3d 614 (2008).

Here, the record demonstrates that the information charged Willingham with theft of property valued between $1,000 and $5,000. However, the information additionally charged Willingham for committing the theft "with the purpose of depriving the owner of the property by threat of serious physical injury." The information further designates the theft charge as a Class B felony that was properly designated as such in accordance with section 5-36-103(b)(1)(B), which states in pertinent part that theft of property is classified as a Class B felony if the property is obtained by threat of serious injury. Moreover, the transcript of the plea hearing reveals that Willingham had been advised that he was being

4

charged with a Class B felony, which carried a maximum term of imprisonment of twenty years for the theft-of-property offense; and following Willingham's plea, the court pronounced that he was guilty of a Class B felony theft-of-property offense and sentenced him to twenty years' imprisonment.

A judgment of conviction is legal when it is entered in accordance with the offense for which a defendant was charged. *See McKee v. State*, 316 Ark. 174, 871 S.W.2d 351 (1994) (per curiam) (concluding that the circuit court did not have the authority to alter a judgment that was not consistent with the offense charged in the information). Here, the original and amended sentencing orders that designated Willingham's theft conviction as a violation of section 5-36-103(b)(3)(A) without reference to a violation of section 5-36-103(b)(1)(B) is a clerical error and may be amended nunc pro tunc to conform to the charging information.

Willingham next contends that the sentencing order is invalid because it reflects that he was convicted as a habitual offender. The plea transcript reveals that the habitual-offender charges were dismissed by the prosecutor as part of the plea agreement. The State in its responsive brief concedes that this is a clerical error that should be remanded and corrected nunc pro tunc by the circuit court to make the record speak the truth. We agree.

Finally, the original and amended sentencing orders are facially illegal with respect to the twenty-year suspended sentence for kidnapping that was imposed to run consecutively to the separate charges listed in the orders. A circuit court is not authorized to run a suspended sentence consecutively to a term of imprisonment that was imposed for a different charge. *Walden v. State*, 2014 Ark. 193, 433 S.W.3d 864 (citing Ark. Code Ann.

§ 5-4-307(b)(2) (Repl. 2013). In accordance with section 5-4-307(b)(2), the suspended sentence for kidnapping should have been imposed to run concurrently with the terms of imprisonment for the separate offenses for which Willingham was convicted. *Id.*, 433 S.W.3d 864.

While Willingham failed to challenge the suspended sentence for kidnapping as illegal, this court views an issue of a void or illegal sentence as one of subject-matter jurisdiction that cannot be waived by the parties and may be addressed for the first time on appeal. *Id.* Furthermore, this court may address an illegal sentence sua sponte because void or illegal sentences are matters of subject-matter jurisdiction, and we review them even if they are not raised on appeal. *Scherrer v. State*, 2019 Ark. 264, 584 S.W.3d 243 (citing *Harness v. State*, 352 Ark. 335, 101 S.W.3d 235 (2003)).

The circuit court's 2020 nunc pro tunc order failed to correct the errors described above. Therefore, the court is directed to enter a second amended sentencing order nunc pro tunc consistent with this opinion that shall include the correct description and code section supporting the conviction for a Class B felony theft, that eliminates the habitual-offender charges, and that imposes the suspended sentence for kidnapping to run concurrently.

Reversed and remanded to correct sentencing order.

*Oscar C. Willingham*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.