Cite as 2022 Ark. 35

# SUPREME COURT OF ARKANSAS

No. CR-20-740

|  |  |
|---|---|
|  | **Opinion Delivered:** February 17, 2022 |
| SHARVELT MARQUETTE MISTER<br>APPELLANT | |
| V. | APPEAL FROM THE SEBASTIAN<br>COUNTY CIRCUIT COURT |
| STATE OF ARKANSAS<br>APPELLEE | [NOS. 66FCR-00-1053, 66FCR-01-238,<br>66FCR-01-239, 66FCR-07-953, 66FCR-07-<br>969, 66FCR-10-1319, 66FCR-10-1320] |
|  | HONORABLE J. MICHAEL FITZHUGH,<br>JUDGE |
|  | AFFIRMED. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant Sharvelt Marquette Mister appeals from the Sebastian County Circuit Court's denial of his petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). For reversal, Mister argues that (1) the rights vested in him by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution were violated by his unlawful arrest, rendering his sentences void and illegal; (2) his sentences violate the Eighth Amendment's prohibition against cruel and unusual punishment; and (3) his trial counsel was ineffective by failing to move for dismissal of his charges based on a lack of probable cause to support his arrest. We accepted certification of this case from the Arkansas Court of Appeals as a subsequent appeal following an appeal that was decided by this court. *See* Arkansas Supreme Court Rule 1-2(a)(7) (2021). We affirm.

On August 21, 2001, Mister pled guilty to three felony drug offenses for which he received a sentence of nineteen years' imprisonment and a ten-year suspended imposition of sentence ("SIS") on each charge. On September 19, 2007, Mister pled guilty to three additional drug offenses and received sentences of twelve years' imprisonment and an eight-year SIS for each of those charges. The State petitioned to revoke the six suspended sentences on December 27, 2010, alleging that on December 2 and December 20, 2010, Mister committed the offenses of delivery of cocaine. The circuit court granted the petition to revoke after a hearing and sentenced Mister to twenty-one years' imprisonment on each of the three 2001 convictions and eighteen years' imprisonment on each of the three 2007 convictions. The court ran the three 21-year sentences concurrently, ran two of the 18-year sentences concurrently to each other but consecutive to the three 21-year sentences, and ran the third 18-year sentence consecutively to both the three 21-year sentences and the two 18-year sentences, for a total of fifty-seven years' imprisonment. Mister appealed his revocation, which was affirmed. *Mister v. State*, 2012 Ark. App. 375. The denial of Mister's subsequent petition for postconviction relief pursuant to Ark. R. Crim. P. 37 was also affirmed on appeal. *Mister v. State*, 2014 Ark. 445, 446 S.W.3d 624.

In 2011, Mister was tried and convicted on the two counts of delivery of cocaine forming the basis for his revocation. He was sentenced as a habitual offender to forty years' imprisonment in CR-10-1319 and twenty-five years' imprisonment, plus a twenty-five-year SIS, in CR-10-1320. The sentences were ordered to be run consecutively to each other and to the fifty-seven-year sentence imposed in the revocation proceeding. Mister appealed both of these convictions, which were affirmed in *Mister v. State*, 2012 Ark. App. 536, and *Mister v. State*, 2013 Ark. App. 49. Mister appealed from the denial of his Rule 37 petition in CR-10-1320, which was also

affirmed. *Mister v. State*, 2014 Ark. 446. He subsequently filed a petition for writ of habeas corpus in the Lincoln County Circuit Court, the denial of which was affirmed by this court in *Mister v. State*, 2019 Ark. 187, 575 S.W.3d 410.

On September 11, 2020, Mister filed his current petition to correct an illegal sentence pursuant to Ark. Code Ann. § 16-90-111. He alleged that the sentences imposed in his 2011 convictions and in his revocation were "null and void" because the arrest warrant and criminal information were not accompanied by a sworn affidavit or supported by probable cause. Mister claimed that his illegal detention violated the Arkansas Rules of Criminal Procedure and his constitutional rights as protected by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and that the circuit court was divested of jurisdiction to render judgment in his cases based on his unlawful arrest. He also asserted Supremacy Clause and separation-of-powers violations and claimed that the prosecution, the circuit court, and the attorneys had violated their oaths of office and engaged in "acts of treason."[1] Finally, Mister alleged that his trial counsel was ineffective by not moving to dismiss the charges based on the illegal arrest.

The circuit court entered an order denying Mister's petition on September 17, 2020. With regard to Mister's challenges to the validity of his arrest, the court found that this was not a jurisdictional defect that would render the sentences imposed illegal. The court also found that Mister had failed to show that his sentences were facially illegal and that his allegations of a constitutional violation did not render the judgments invalid. As to Mister's treason argument,

---

[1]Mister does not challenge the denial of these claims on appeal, and they are therefore deemed abandoned. *Owens v. Payne*, 2020 Ark. 413, 612 S.W.3d 169.

3

the circuit court stated that this allegation was "absurd and without any substantial proof." Mister's appeal from the circuit court's order on October 27, 2020, was untimely. However, he subsequently obtained counsel, who filed a motion for leave to file a belated appeal that was granted by the court of appeals.

In his first point on appeal, Mister continues to argue that his sentences were rendered void and illegal because of his allegedly unlawful arrest. Specifically, he claims that he was arrested on December 20, 2010, following a controlled buy; that an unsworn affidavit titled "Affidavit of Probable Cause Determination" was faxed to the prosecutor's office the next day; that no formal first appearances or probable-cause hearings were ever conducted by a neutral judicial officer; and that when criminal charges were finally filed against him on July 12, 2011, the charging instruments were not supported by attached affidavits given upon oath or affirmation. Mister asserts that his requests from the Sebastian County Circuit Clerk for an affidavit of probable cause determination, an arrest warrant, or a record of his first judicial appearance also revealed no such documents in the record. He argues that the failure to present any sworn evidence to a neutral and detached judicial officer for an independent determination of probable cause either before or after his arrest "does not satisfy the 4th, 5th, and 14th Amendment subject matter jurisdiction standards" and that because jurisdiction over him never attached, his sentences are therefore illegal.

Arkansas Code Annotated section 16-90-111(a) provides authority to a circuit court to correct a facially illegal sentence—as opposed to one imposed illegally—at any time.[2] *Willingham*

---

[2]We have held that a claim that a sentence is imposed in an illegal manner is governed by the time limitations set out in Arkansas Rule of Criminal Procedure 37.2(c) (2021), which

*v. State*, 2021 Ark. 177, 631 S.W.3d 558; *Rea v. State*, 2021 Ark. 134. In addition, a circuit court may reduce a sentence upon revocation of probation as provided by law. Ark. Code Ann. § 16-90-111(b)(2). We have held that an illegal sentence is one that is illegal on its face. *Willingham, supra.* A sentence is illegal on its face when it is void because it is beyond the circuit court's authority to impose and gives rise to a question of subject-matter jurisdiction. *Clark v. State*, 2021 Ark. 130. The petitioner seeking relief under section 16-90-111(a) carries the burden of demonstrating that his or her sentence was illegal. *Id.* Sentencing is entirely a matter of statute in Arkansas, and the general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face. *Willingham, supra.* A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, and typically, trial error does not implicate the jurisdiction of the circuit court or, as a consequence, implicate the facial validity of the judgment. *Id.*

The circuit court's decision to deny relief under section 16-90-111 will not be overturned unless the decision is clearly erroneous. *Darrough v. State*, 2020 Ark. 119. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Clark, supra.*

---

requires the petitioner to pursue such claims in circuit court within sixty days of the date the mandate is issued by the appellate court following an appeal of a conviction. *Ford v. State*, 2021 Ark. 112, 622 S.W.3d 635. If the time for relief under Rule 37.2 has expired, as it has in the present case, section 16-90-111 provides no relief for claims that a sentence was illegally imposed. *Id.*

As the circuit court here concluded, Mister's challenges to the validity of his arrest and the charging instruments are not cognizable under section 16-90-111. We have repeatedly held that assertions of constitutional or other trial error do not implicate the facial validity of the judgment or the jurisdiction of the circuit court and are not within the purview of this statute. *E.g.*, *Ford*, *supra*; *Williams v. State*, 2016 Ark. 16, 479 S.W.3d 544 (per curiam); *Williams v. Kelley*, 2017 Ark. 200, 521 S.W.3d 104; *Leach v. State*, 2017 Ark. 176, 518 S.W.3d 670 (per curiam); *Ussery v. State*, 2014 Ark. 186 (per curiam); *Gilliland v. State*, 2014 Ark. 149 (per curiam). Indeed, we have specifically rejected allegations that a defective criminal information or an unlawful arrest deprived the circuit court of jurisdiction to render judgment. *See, e.g.*, *Rea*, *supra* (stating that claims centered on a void or defective information are not jurisdictional); *Grimes v. State*, 2018 Ark. 407, 562 S.W.3d 215 (holding that a court's jurisdiction to try the accused does not depend on the validity of the arrest); *Anderson v. Kelley*, 2015 Ark. 411, 473 S.W.3d 537 (stating that due-process claims are not sufficient to implicate the facial validity of the judgment or the circuit court's jurisdiction). Mister raised similar claims in his earlier habeas corpus petition, and we affirmed the circuit court's denial, holding that none of these claims presented a jurisdictional issue. *Mister*, 2019 Ark. 187, at 3–4, 575 S.W.3d at 412. Accordingly, the circuit court did not err by denying Mister's request to correct his sentence on the basis of these allegations.

Mister next argues that the sentences imposed on him violate the Eighth Amendment's prohibition against cruel and unusual punishment. He contends that he is currently serving a 122-year sentence, which is essentially a life sentence, for selling $400 in cocaine. While Mister

admits that his sentence is within the range of punishment authorized by statute, he argues that this sentence is excessive and grossly disproportionate to the severity of his crimes and is therefore illegal pursuant to the Eighth Amendment to the United States Constitution. Mister did not raise this particular claim in his petition to the circuit court; however, he contends that the imposition of a void or illegal sentence may be raised at any time.

Although we acknowledge the severity of the sentence he is facing for these particular offenses, Mister's claim is not jurisdictional in nature and is therefore not cognizable in this appeal. Allegations that challenge the constitutionality of a sentence that is within the statutory range, such as one based on the Eighth Amendment, are claims of trial error that are properly raised at trial. *Ussery*, *supra*. Thus, section 16-90-111 does not provide a means for Mister to attack his sentence on this ground.

In his final argument on appeal, Mister alleges, as he did in his petition, that his counsel was ineffective by failing to move for dismissal of the charges against him based on a lack of probable cause to support his arrest. As with his other claims, Mister's allegation that he received ineffective assistance of counsel is not cognizable in a petition to correct an illegal sentence. We have held that ineffective-assistance-of-counsel claims are not sufficient to demonstrate that a judgment is facially illegal. *Leach*, *supra*. Because this claim should have been asserted in a timely Rule 37 petition, the circuit court lacked jurisdiction to grant Mister relief on this basis. Accordingly, the circuit court did not clearly err by denying Mister's petition.

Affirmed.

*Hurst Law Group*, by: *Q Byrum Hurst*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.