Cite as 2023 Ark. 24

# SUPREME COURT OF ARKANSAS

**No.** CR–22–120

| | | |
|---|---|---|
| | | **Opinion Delivered:** March 2, 2023 |
| ERIC GILLETTE | | |
| | APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. 66FCR–21–174] |
| V. | | |
| CITY OF FORT SMITH, ARKANSAS | | |
| | APPELLEE | HONORABLE STEPHEN TABOR, JUDGE |
| | | |
| | | <u>AFFIRMED IN PART; REVERSED AND REMANDED IN PART WITH INSTRUCTIONS.</u> |

**SHAWN A. WOMACK, Associate Justice**

Eric Gillette was charged with "Carrying a Weapon in a Publicly Owned Building" in violation of Ark. Code Ann. § 5-73-122 (Supp. 2021). He pled not guilty, and a bench trial commenced in Fort Smith District Court on July 22, 2021. The district court ultimately took the case under advisement and ordered Gillette to pay the court costs of $140. Additionally, the court indicated that if there were no further offenses within thirty days, the charge would be dismissed. Specifically, the court stated:

> AFTER TESTIMONY THE CASE IS TAKEN UNDER ADVISEMENT FOR 30 DAYS. NO FINE, DEF WILL ONLY BE REQUIRED TO PAY THE COURT COST OF $140, FIREARM TO BE RETURNED TO THE DEFENDANT. IF THERE ARE NO FURTHER VIOLATIONS AND COURT COST HAS BEEN PAID IN FULL, CHARGE WILL BE DISMISSED. ★★★ PER JUDGE GRIMES THIS CASE CAN NOT [sic] BE APPEALED AS THERE IS NO CONVICTION.

On August 11, 2021, Gillette filed a motion for reconsideration and a motion to stay punishment pending appeal. In the motion for reconsideration, he objected to paying the court costs. In the motion to stay punishment pending appeal, he contended that placing him on involuntary probation and compelling him to pay a fine without an adjudication of guilt was in violation of his rights. The court denied both motions as it stated, "per Judge Grimes this case can not [sic] be appealed as there is no conviction." Gillette complied with the court's order to pay $140 in court costs. The district court never entered a judgment of conviction, and at the end of the thirty days, it discharged and dismissed the case.

On August 23, 2021, Gillette timely filed a notice of appeal in the Sebastian County Circuit Court. He attempted to appeal the "involuntary imposition" of court costs in favor of the City of Fort Smith. On August 25, 2021, Gillette also filed a petition to void illegal district court sentence. On September 3, 2021, the City responded to the notice of appeal with a motion to dismiss, arguing that Gillette had not been convicted of any offense, and the circuit court had no jurisdiction to hear the case under Ark. R. Crim. P. 36(a). On the same day, the City responded to Gillette's petition to void illegal sentence on identical grounds. The circuit court granted the City's motion to dismiss for lack of jurisdiction according to the conviction requirement of Rule 36(a). The circuit court did not rule on the motion to void illegal district court sentence.

Gillette argues that the district court illegally imposed court costs and probation in violation of his state and federal constitutional procedural due process rights and his federal and state constitutional right to a trial. We agree. Additionally, Gillette claims a violation of the Arkansas Constitution's prohibition against illegal exactions.

2

Article 2, section 8 of the Arkansas Constitution provides that no person "shall be deprived of life, liberty, or property, without due process of law." This court has ruled that an order assessing court costs against the defendant upon dismissal of the indictment is void and violates due process of law. *Thomas v. State*, 243 Ark. 147, 418 S.W.2d 792 (1967). It is evident here that Gillette's due process rights were violated when the district court imposed a sentence that inflicted both monetary and probationary conditions without a conviction or finding of guilt. While the circuit court correctly determined that it lacked jurisdiction due to the conviction requirement of Rule 36(a), it neglected to identify what was a void *de facto* sentence that the district court had imposed on Gillette. Had it done so, it could have exercised its jurisdiction under Ark. Code Ann. § 16-90-111, which reads in pertinent part:

> Any circuit court, upon receipt of petition by the aggrieved party for relief and after the notice of the relief has been served on the prosecuting attorney, may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided in this section for the reduction of sentence.

Ark. Code Ann. § 16-90-111(a) (Repl. 2016).

We have previously ruled that "[a]n illegal sentence is one that is illegal on its face." *Jackson v. State*, 2018 Ark. 209, 549 S.W.3d 346. "A sentence is illegal on its face when it is void because it is beyond the trial court's authority to impose." *Swift v. State*, 2018 Ark. 74, 540 S.W.3d 288. One seeking relief under section 16-90-111(a) must demonstrate that his or her sentence was illegal. *Redus v. State*, 2019 Ark. 44, 566 S.W.3d 469.

Relying on the ruling in Thomas, that his sentence was void at the time it was imposed, Gillette properly challenged the legality of his *de facto* sentence and should have

3

been heard on the merits as the court had jurisdiction to hear it in accordance with Ark. Code Ann. § 16-90-111(a). 243 Ark. 147, 418 S.W.2d 792.

Unlike negotiated plea bargains where defendants voluntarily agree to accept some form of punishment in exchange for a reduced charge or no conviction being entered, Gillette emphatically objected to the imposition of a criminal sentence absent a conviction, including the paying of court costs, at nearly every point in the proceedings. Nevertheless, the district court imposed an illegal sentence, declared as part of the order that there was no conviction, and then dismissed the case. These requirements, although not a sentence resulting from a conviction, placed legal consequences on him associated with his charge.

Accordingly, we affirm in part as to the circuit court's order of dismissal of Gillette's appeal from the district court absent a conviction as required by Rule 36(a). We reverse and remand in part with instructions for the circuit court to enter an order on the motion to void illegal district court sentence reversing and dismissing the order of the district court and declaring it to be void as an illegal sentence imposed without a finding of guilt. Next, we decline to address Gillette's illegal-exaction claim as part of a criminal appeal as that matter would require separate filing and adjudication in a circuit court with competent jurisdiction and is not properly before us here. Finally, we note that while the dissent claims that the majority "breaks precedent," it fails to cite a single case on point where this court has addressed the imposition of a criminal sentence in the absence of either a conviction, or a voluntary acceptance of a plea agreement, as is the situation in the case at bar.

Affirmed in part; reversed and remanded in part.

KEMP, C.J., and WOOD and WYNNE, JJ., dissent.

4

**JOHN DAN KEMP, Chief Justice, dissenting.** The majority opinion is fundamentally flawed and ignores this court's well-established principles of appellate law and procedure. As set forth in my analysis below, I would dismiss Gillette's appeal for lack of jurisdiction. I respectfully dissent.

Gillette proceeded to a trial in the Fort Smith District Court on an amended charge of carrying a firearm in a public building. After the trial, the district court did not enter a judgment of conviction. Instead, the district court took the case under advisement for thirty days, required Gillette to pay the court cost of $140, and ruled that "if there are no further violations and [the] court cost has been paid in full, [the] charge will be dismissed." Gillette's attorney filed a motion for reconsideration, which the district court denied "as the def was not convicted." According to the record, the thirty-day, under-advisement period began on July 22, 2021. A phone conference was held on August 12, and the district court entered the following: "Both the attny and def were advised this charge will be dismissed as long as there are no further violations and the court cost of $140 is paid in full by 8/21/21. There will not be a co[n]viction on the def's record." On August 23, the case was dismissed. The district court then made the following notation on the docket: "Remarks: No further violations & cc paid, dismiss[.]" On August 23, after having paid the court cost and having his charge dismissed, Gillette filed his notice of appeal in the Sebastian County Circuit Court. On August 25, Gillette also filed in the circuit court a petition to void illegal district-court sentence. He asserted that his "probation" and the $140 in court costs were illegal and a violation of his due-process rights. He also asserted his statutory right to appeal, pursuant to Arkansas Code Annotated section 5-4-305 (Repl. 2013), which allows for an appeal

5

following probation or suspension of sentence. On September 3, appellee City of Fort Smith ("City") responded to Gillette's notice of appeal with a motion to dismiss. On October 19, the circuit court granted the City's motion to dismiss. Gillette appealed the circuit court's order to this court.

I dissent from the majority's opinion for the following reasons. First, pursuant to Rule 36 of the Arkansas Rules of Criminal Procedure, the circuit court lacked jurisdiction to consider Gillette's appeal from district court, and the circuit court properly dismissed it. Court rules governing appeals to the circuit court are mandatory and jurisdictional. *Treat v. State*, 2019 Ark. 326, at 5, 588 S.W.3d 10, 13. Strict compliance with the rules is required in order for the circuit court to obtain jurisdiction. *Id.*, 588 S.W.3d at 13. When a circuit court lacks jurisdiction, we do not acquire jurisdiction on appeal. *City of N. Little Rock v. Pfeifer*, 2017 Ark. 113, at 4, 515 S.W.3d 593, 596.

Rule 36 sets forth the process to appeal a district-court criminal conviction to circuit court. *Collins v. State*, 2021 Ark. 80, at 2. Rule 36(a) provides,

> (a) Right to Appeal. A person convicted of a criminal offense in a district court, including a person convicted upon a plea of guilty, may appeal the judgment of conviction to the circuit court for the judicial district in which the conviction occurred. The state shall have no right of appeal from a judgment of a district court.

Here, the majority opinion states that "the circuit court correctly determined that it lacked jurisdiction due to the conviction requirement of Rule 36(a)[.]" In my view, its analysis should have stopped there. Rule 36(a) expressly provides that "[a] person convicted of a criminal offense in a district court . . . may appeal the judgment of conviction to the circuit court[.]" Under a plain-language interpretation of Rule 36, there can be no appeal if there is no conviction. Significantly, this court reviews the circuit court's order—not the

6

district court's order—and, in the absence of any error by the circuit court, I would dismiss for lack of jurisdiction. *See Pruitt v. State*, 2014 Ark. 258, at 3 (per curiam) (holding that when the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction).

Second, Gillette could not have availed himself of an appeal pursuant to Arkansas Code Annotated section 5-4-305(a)(1), which states as follows:

> (a) If a court suspends imposition of sentence on a defendant or places him or her on probation, the fact that a judgment of conviction is not entered does not preclude:
> (1) An appeal on the basis of any error in the adjudication of guilt or any error in the entry of the order of suspension or probation[.]

This court has stated that section 5-4-305(a)(1) allows an appeal on two bases: (1) an allegation of error in the adjudication of guilt and (2) an allegation of error in the entry of the order of suspension or probation. *Barner v. State*, 2015 Ark. 247, at 4, 464 S.W.3d 450, 452. Here, there was no adjudication of guilt, and no order of suspension or probation was entered. Therefore, section 5-4-305(a)(1) does not apply in this instance.

Third, *Barner* is particularly instructive. There, Rufus Barner appealed from the Pulaski County Circuit Court's dismissal of his appeal to that court from Pulaski County District Court. In district court, he had pled nolo contendere to a charge of third-degree domestic battery and was sentenced to one year of probation and assessed a fine and costs pursuant to the First Offender Act, codified at Arkansas Code Annotated sections 16-93-301 to –305 (Repl. 2016 & Supp. 2021). *Barner*, 2015 Ark. 247, at 1–2, 464 S.W.3d at 451. The district court's order of probation stated that it was entered without a finding of guilt and that if Barner demonstrated rehabilitation and fulfilled the terms and conditions of his probation, an order would be entered upon petition or motion that dismissed the case,

7

discharged Barner without an adjudication of guilt, and expunged his record. *Id.* at 2, 247 S.W.3d at 451. He appealed to the circuit court, and the State filed a motion to dismiss, arguing that he was ineligible to appeal the order of probation on the basis that there was no conviction in the district court from which Barner could appeal. The circuit court granted the State's motion to dismiss the appeal, and we affirmed the circuit court's dismissal. *Id.* at 2, 5, 464 S.W.3d at 451, 453. We opined that if Barner's probation had been successful, his case would have been dismissed without an adjudication of guilt, and his record would have been expunged. *Id.* at 5, 464 S.W.3d at 452. Further, if Barner had "violate[d] his probation and [was] adjudicated guilty of the offense charged," he could have appealed to the circuit court at that time. *Id.*, 464 S.W.3d at 453. Unlike Barner, Gillette has already paid his court cost, notwithstanding the lack of a conviction in the district court, and his case was properly dismissed by the circuit court.

Therefore, I would hold that the circuit court properly dismissed for lack of jurisdiction, and accordingly, I would dismiss for lack of jurisdiction. Because this court lacks jurisdiction, the majority has no basis for reviewing Gillette's remaining arguments concerning his due-process rights, his right to trial, an alleged illegal sentence, and any illegal exaction. Those arguments should have been presented to this court via an extraordinary writ before Gillette paid his $140 court cost.

WOOD and WYNNE, JJ., join.

**RHONDA K. WOOD, Justice, dissenting.** The majority breaks precedent today. First, the majority agrees that the circuit court lacked jurisdiction to consider Gillette's appeal under Rule 36, but it simultaneously exceeds its own jurisdiction by pronouncing

trial error. And second, the majority ignores our precedent that payment of the court costs renders Gillette's illegal-sentence claim moot. Therefore, I dissent.

The court unanimously agrees that the circuit court did not have jurisdiction to review Gillette's district court appeal under Rule 36. But the majority then declares that the district court violated Gillette's due-process rights and his right to a trial. Yet an allegation of trial error, like a constitutional due-process violation, could only be brought under Rule 36. It cannot be brought under Arkansas Code Annotated section 16-90-111 (Repl. 2016). Our precedent clearly states that "assertions of trial error and due-process claims do not implicate the facial validity of the judgment," and "assertions of constitutional error are not cognizable under section 16-90-111." *Williams v. Kelley*, 2017 Ark. 200, at 4, 521 S.W.3d 104, 107; *Williams v. State*, 2016 Ark. 16, at 3, 479 S.W.3d 544, 546; *see also Mister v. State*, 2022 Ark. 35, at 6, 639 S.W.3d 331, 336 (after citing a litany of cases in which this court had rejected due-process and other claims under this section, it explained, "the circuit court did not err in denying Mister's request to correct his sentence on the basis of these [unlawful and unconstitutional] allegations"); *Ford v. State*, 2021 Ark. 112, 4, 622 S.W.3d 635, 637 (holding claim that sentence was imposed in an illegal manner "does not fall within the purview of section 16-90-111"). And, if these constitutional violations occurred, the remedy would be a trial de novo, not an amended sentence, which section 16-90-111 does not afford.

If the majority is overruling our many cases that hold that trial errors, like due-process violations, are not cognizable under section 16-90-111(a), it should do so expressly—not

9

implicitly. The majority does not have jurisdiction to pronounce such trial errors under section 16-90-111.

Even if Gillette's claims did survive the jurisdictional barrier, his claim under section 16-90-111 is moot because he paid the $140 in court costs. Gillette filed a "motion to stay the punishment pending appeal," but after the district court denied that motion, he failed to file an extraordinary writ and opted instead to pay the costs. Gillette's payment of the costs renders the illegal-sentence claim moot. *See City of Little Rock v. Circuit Court of Pulaski Cnty.*, 2017 Ark. 219, at 4–5, 521 S.W.3d 113, 116; *Wigley v. Hobbs*, 2013 Ark. 379 (per curiam); *Bradford v. State*, 2011 Ark. 494 (per curiam); *Cent. Emergency Med. Servs., Inc. v. State*, 332 Ark. 592, 594, 966 S.W.2d 257, 259 (1998). Therefore, Gillette's Rule 36 appeal was properly dismissed for lack of jurisdiction, and his illegal-sentence claim should also be dismissed as moot.

For these reasons, I dissent.

*King Law Group PLLC*, by: *W. Whitfield Hyman*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.