Cite as 2023 Ark. 33

# SUPREME COURT OF ARKANSAS

**No.** CR–22–580

| | | |
|---|---|---|
| VINCENT HUSSEY | | **Opinion Delivered:** March 9, 2023 |
| | APPELLANT | PRO SE APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. 22CR-96-34] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE CREWS PURYEAR, JUDGE |
| | APPELLEE | |
| | | <u>AFFIRMED</u>. |

**RHONDA K. WOOD, Associate Justice**

On appeal, Vincent Hussey contends the trial court erred in finding his pro se petition to correct an illegal sentence was both untimely and without merit. He argues Arkansas law imposes no time restriction on raising the following claim: that his capital-murder sentence was illegal because he was never sentenced for aggravated robbery, the underlying felony. He asks this court to vacate his capital-murder conviction and remand his case to the trial court for resentencing on both his capital-murder and aggravated-robbery convictions. We decline and affirm the trial court's decision.

In 1996, Hussey and others were charged with capital murder in furtherance of an aggravated robbery. A Drew County jury convicted Hussey of capital murder and aggravated robbery and sentenced him to life imprisonment without parole. The trial transcript reveals that the trial court merged the aggravated robbery with capital murder for sentencing after Hussey's attorney moved for merger and the State agreed. The sentencing

procedure was not challenged on direct appeal, and Hussey's conviction was affirmed. *Hussey v. State*, 332 Ark. 552, 966 S.W.2d 261 (1998). The mandate issued on May 5, 1998. *Hussey v. State*, CR-97-450 (Ark. May 5, 1998).[1] Almost twenty-four years later, Hussey petitioned to correct an illegal sentence. The trial court denied the petition as untimely and without merit. Hussey then filed this appeal.

We will not reverse a trial court's decision to deny relief pursuant to Arkansas Code Annotated section 16-90-111(a) (Repl. 2016) unless it is clearly erroneous. *Smith v. State*, 2021 Ark. 131, at 2. A finding is clearly erroneous when the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

Arkansas Code Annotated section 16-90-111(a) gives a trial court authority to correct an illegal sentence at any time. An illegal sentence is one that is facially illegal. *Mister v. State*, 2022 Ark. 35, at 6, 639 S.W.3d 331, 335. A facially illegal sentence is void because the sentence exceeds the maximum term prescribed by law or exceeds the court's subject-matter jurisdiction. *Id.* Sentencing is entirely a matter of statute in Arkansas. *Id.* The petitioner seeking relief under section 16-90-111(a) carries the burden of proving that his or her sentence was illegal. *Id.* In contrast, a petitioner may challenge the way a sentence was imposed only within a limited time frame. In 1998, that was 120 days after receipt of the

---

[1]While this court did not reference the merger on his direct appeal, we did reference the merger in his co-defendant's case, who likewise was not sentenced for aggravated robbery. *See Harris v. State*, 331 Ark. 353, 354, 961 S.W.2d 737, 738 (1998). Harris, fifteen at the time of the murder and aggravated robbery, has been afforded resentencing on his capital-murder conviction because of *Miller v. Alabama*, 567 U.S. 460 (2012). *Harris v. State*, 2018 Ark. 179, 547 S.W.3d 64.

mandate following affirmance or dismissal of the direct appeal. Ark. Code Ann. § 16-90-111(b) (Supp. 1995).[2]

The trial court was correct that Hussey's petition to correct an illegal sentence was untimely and meritless. Hussey alleges that he should have been sentenced for both the capital murder and the aggravated robbery. The State concedes that he could have been sentenced for both, but that it was not required. In 1995, the General Assembly amended Arkansas Code Annotated section 5-1-110(d)(1) to "authorize" separate convictions and sentences for certain crimes, including capital murder and any underlying felonies used as the basis for the capital murder. Act 657 of 1995, § 2; *see also Walker v. State*, 353 Ark. 12, 21, 110 S.W.3d 752, 757–58 (2003). But the statute says the separate sentences "are authorized," not that they are required. *Id*. And Hussey's sentence did not exceed the statutory maximum. He received the minimum sentence for capital murder—life imprisonment without parole—and received less than the minimum for aggravated robbery in that he received no sentence. *See* Ark. Code Ann. § 5-10-101(c) (Supp. 1995).

Because these were not facially illegal sentences, Hussey can argue only that his sentence was imposed in an illegal manner. But twenty-four years exceeds the time to challenge how those sentences were imposed under the limits in place in 1998.

Affirmed.

*Vincent J. Hussey*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.

---

[2]Section 16-90-111(b)(1) has now been superseded by Rule 37.2(c). Rule 37.2(c)(ii) requires that a petition seeking relief under the Rule must be brought within sixty days following issuance of the mandate on direct appeal from the judgment of conviction.